**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST**
**AND HEIRS AT LAW OF APOLONIA MORAIS**

**VS**
**CITIZENS BANK , N.A.**
**CITIZENS BANK, N.A. d/b/a CITIZENS ONE HOME LOANS**
**OTORO, LLC**

## COMPLAINT

Plaintiffs, by their attorney, complain of Defendants as follows:

1.      Plaintiffs, Ana Faria, Philipe Faria, Marta Faria and Catarina Travassos, are heirs at law and successors in interest to Apolonia Morais who died on June 10, 2014, who was a resident of State of Rhode Island with an address of 120 Lena Street,  East Providence, Rhode Island.  The heirs at law are the fee owners of this real estate in equal shares, of the property.

2.      Citizens Bank, National Association ("Citizens") is a Rhode Island Bank formerly known as Citizens Bank of Rhode Island before its merger.

3.      Apolonia Morais  (" Morais") executed a mortgage to Citizens Bank of Rhode Island on April 13, 2004.  the decedent Jose Faria,  executed a promissory note on that date to Citizens Bank of Rhode Island on that date. Jose Faria did not execute the mortgage to Citizens Bank of Rhode Island and had no ownership interest in the property.

4.       Citizens, since July 7, 2017 has serviced its own loan under the fictional name of Citizens One Home Loans ("Citizens One"), with a

primary business location of Glen Allen, Virginia. Prior to that date, the mortgage was serviced by Citizens Bank, under its own name.

6.      Otoro, LLC is a Rhode Island Limited Liability Company.

FACTS

7.      On February 26, 2018, the law firm of Shechtman, Halperin Savage, LLP ("SHS") scheduled a foreclosure sale for the property of Appolonia Morais, now owned by the Plaintiffs on April 24, 2018 at 12:00 PM.

8.      Contrary to the terms of the mortgage, no Notice of Default was mailed to any party in interest in the form required by the terms of the mortgage

9.      Before an acceleration of the loan was declared, the Lender, its assignee or a servicer acting on behalf of the owner of the mortgage was required to send the mortgagor or the parties in interest of the decedent a notice:

    a.      the default;

    b.      the action required to cure the default, stating a date, not less than 10 days from the date the default must be cured;

    c.      that failure to cure the default on or before the date specified in the Notice may result in the acceleration and sale of the borrower's home;

    d.      the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

10.      Paragraph 16 of the mortgage of his mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

11.      Neither the decedent nor her heirs have ever been mailed an acceleration notice as required by the terms of this mortgage.

12.      The provisions in paragraph 16 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage.

There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

13    Any alleged exercise of the statutory power of sale  was defective because a default notice and an acceleration notice were never sent as required by paragraph 16 of the mortgage.

14.    The purported default notice sent to the decedent by Shechtman was dated December 27, 2017 and sent to the Estate of Apolonia M. Morais. This letter did not comply with the terms of the mortgage.

14.    The mortgage required particular language before seeking to exercise the statutory power of sale.

15.    Paragraph 16  stated:

Acceleration, Remedies

Upon Mortgagor's breach of any covenants or agreement of Mortgagor in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender, prior to acceleration shall give notice to Mortgagor as provided in Paragraph 11 hereof specifying:
(1) the breach:
(2) the action required to cure such breach;
(3) a date, not less than 10 days from the date the notice is mailed to Mortgagor, by which such breach must be cured;
And (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the property
This notice shall further inform Mortgagor of the right to reinstate after acceleration and the right to bring a Court action assert the nonexistence of a default or any other defense of mortgagor to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all the sums  secured by this Mortgage to be immediately due and payable without further demand and Lender may invoke the    STATUTORY POWER OF SALE and any other remedies permitted by applicable law.

16.    However this letter did not state a particular date to cure. Instead of complying with the terms of the mortgage,  it stated:

Under the terms of the Loan Documents you may cure the default by paying the amounts set forth below on or before January 26, 2018.

17.    No specific date was included, as all dates from the date of the letter to January 26, 2018 were listed as multiple cure dates.

18.    This letter did not state that failure to cure such breach on or before a specific date referenced in the notice may result in acceleration of the sums secured by this Mortgage and sale of the property.

19.    Instead this letter stated:

If the default is not cured by the Cure Date, the balance of the Note may be deemed accelerated without further demand, and the Lender may proceed with the foreclosure of the mortgage.

20.    This notice also did not state a specific amount due to be cured by a particular date. Instead it stated:

If the default is not cured by December 31, 2017, the January 2018 loan payment must also be included.

21.    It also limited the rights of the Plaintiffs in this notice by stating:

Unless you notify Shechtman Halperin Savage LLP within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid.

22.    The mortgage loan has not been accelerated by Citizens or Citizens One.

23.    After the purported default letter was mailed, Citizens One mailed to the decedent's address and Jose Faria, who was not a property owner and was not a mortgagor, statements dated December 27, 2017, January 29, 2018, February 27, 2018 and March 27, 2018.

24.    In none of these statements did Citizens One or Citizens indicate that the mortgage loan had been accelerated.

4

25.   The amount stated as due on the December 27, 2017 periodic statement was $10,587.78.

26.   The amount stated as due on the January 29, 2018 periodic statement was $12,762.88.

27.   The amount stated as due on the February 27, 2018 periodic statement was $14,937.98.

28.   The amount stated as due on the March 27, 2018 periodic statement was $14,937.98.

29.   As a result, the mortgage loan  has never been accelerated as each of these statements indicated that the mortgage loan had not been accelerated by Citizens or Citizens One.

30.   At no time after December 27, 2017 did Plaintiffs or any person or entity receive any letter which indicated that the mortgage loan was accelerated.

31.   In addition,  since 2017, Citizens has charged the mortgage loan account a monthly fee of $14.00 for purported property preservation fees, despite the fact that the decedent's husband and daughter live in the property.

32.   Citizens One is aware of this fact and is aware that the property is not vacant.

33.   These fees were neither reasonable nor necessary.

33.   The failure of the Defendants to comply with the terms of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability to conduct this foreclosure.

34.   Plaintiff, Marta Faria  lives in this property as her principal residence along with her father, Jose Faria.

35.     Upon the death of Apolonia Morais, the ownership of the property passed by operation of law to her children in equal shares.

36.     On February 26, 2018, Shechtman on behalf of Citizens mailed a Notice of Sale to Marta Faria and the Estate of Apolonia Morais to 120 Lena Street, East Providence, Rhode Island.

37.     On April 24, 2018, Defendant claims to have conducted a foreclosure sale of the Plaintiffs' property, through its attorney Shechtman.

38.     At this time Otoro, LLC claims to have bid to purchase the property at an amount less than the fair market value of the property.

39.     The fair market value of the property is $247,700.00.

40.     The amount, which Citizens claimed to be past due on the mortgage loan as of March 17, 2018 was$17,428.08 with a principal balance of $29,860.12.

41.     The Plaintiffs have approximately $180,000.00 of equity in the property.

42.      The Plaintiffs have advised Citizens, through its attorney, that they were ready, willing and able to pay off the mortgage loan, by refinancing the property, using a private lender.

43.     Citizens, through Shechtman,  was notified prior to recording the purported foreclosure deed of the defects in the default notice and the failure to accelerate the mortgage loan, invalidating the sale.

44.     Despite the clear defects in the foreclosure process, Defendant refused to rescind this purported sale and through its attorney, Shechtman, has advised the Plaintiffs that it would  complete the purported foreclosure sale and accept the bid of the purchaser.

45.     On July 11, 2018 in Book 4041 Page 30 of the Land Evidence Records of the City of East Providence, a purported foreclosure deed to Defendant, Otoro, LLC was recorded.

46.     This deed was dated May 10, 2018.

47.     Pursuant to R.I.G.L 34-27-4, a foreclosure deed must include an Attorney's affidavit as to compliance with the Soldier's and Sailors Relief Act and with compliance with mailing of the notice to the mortgagor.

48.     This purported affidavit was dated May 17, 2018 and could not be incorporated by reference in the foreclosure deed.

49.     This purported affidavit indicates that the successors in interest to the decedent were not provided notice as required by the terms of the mortgage an R.I.G.L 34-11-22 and 34-27-4.

50.     The heirs at law were entitled to the same statutory and contractual notice to which the original mortgage was entitled.

51.     Failure to provide this notice resulted in a defective sale.

COUNT I
**BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND DEALING**

52.     Paragraphs 1- 51 are incorporated by reference.

53.     Paragraph 6 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

54.      As alleged above, Citizens, acting as Citizens One Home Loan never sent  decedent Apolonia Morais, the Estate of Apolonia Morais or her heirs at law any default letter, which included language required by the terms of the mortgage

55.     Citizens never accelerated the mortgage loan of the decedent Apolonia Morais.

56.     Due to this failure to comply with the terms of the mortgage, Citizens was not contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiffs' property.

57.     This action constituted a breach of contract, resulting in damages to the Plaintiffs, who hired an attorney to commence this case.

58.     Pursuant to Rhode Island Law and the terms of the mortgage and the Statutory Power of Sale can only be exercised if a mortgagee accelerates the mortgage after a proper default notice pursuant to the terms of the mortgage.

59.     The mortgage contract between Plaintiff and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

60.     Citizens  violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of the terms of the mortgage by seeking to exercise the statutory power of sale without the lender having first sent a default notice to the Plaintiff, which contained language required by the terms of the mortgage.

61.     Citizens also breached the covenant of good faith and dealing by not sending a subsequent acceleration notice  pursuant to the terms of the mortgage.

62.     The failure to send a default letter and failure to accelerate the mortgage loan pursuant to the terms of the mortgage were  actions taken contrary to the contractual and statutory obligations of the parties.

63.     As a result, Plaintiffs have incurred the following damages:

   a.     Plaintiffs have incurred the cost of filing this action in the form of filing fees and service fees, incurred in order to stop the foreclosure, which was in violation of the terms of the mortgage.

   b.     The decedent's  mortgage loan account has been charged fees and costs which were not permitted without a valid default letter having being sent to her.

   c.     Plaintiffs have incurred damages for aggravation, humiliation, embarrassment, loss of privacy, strain on

personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety. They have incurred stress with mail advising them that their home will be sold at a public auction.

d.     Plaintiffs have lost the equity in their property without due process of law.

64.    The conduct of Citizens was willful, wanton and reckless, warranting the imposition of punitive damages. It ignored the clearly stated terms of the mortgage and the statute but instead went forward and sought to exercise the statutory power of sale without a valid default notice having been mailed and without having first accelerated the mortgage loan prior to purported exercise of the statutory power of sale and without notifying all the successors of the decedent of the sale.

WHEREFORE, Plaintiffs demand the following relief:

a.     Damages against for failure to comply with the terms of the mortgage.

b.     Damages against Citizens for legal fees and damages arising from the breach of contract.

c.     Legal fees from Citizens

d.     Damages for charges to the decedent's mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice and an acceleration notice

e.     Actual damages attributable to the aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety and stress suffered by the Plaintiff.

f.     Damages for punitive damages

g.     All other just and proper relief.

**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST**
**AND AS HEIRS AT LAW OF**
**APOLONIA MORAIS**

By their Attorney

August 13, 2019                /s/ John B. Ennis___
                               JOHN B. ENNIS, ESQ. #2135
                               1200 Reservoir Avenue
                               Cranston, Rhode Island 02920
                               (401) 943-9230
                               Jbelaw75@gmail.com

## COUNT II

## DECLARATORY JUDGMENT

65.     Paragraphs 1- 64 are incorporated by reference.

66.     This Court has jurisdiction to issue Declaratory Judgments

pursuant to the Declaratory Judgment Act, 28 U.S.C §2201.

66.     The failure of Citizens to comply with the terms of the

mortgage, by virtue of a valid default notice rendered the purported

foreclosure void.

67.     As a result the purported deed recorded in the Land Evidence

10

Records of the City of East Providence in Book 4041  Page 30 at 11:57 AM. should be vacated and rescinded.

68.     This Court has the power to declare that the aforementioned deed to be void and without any effect.

69.     Plaintiffs have incurred legal fees for the prosecution of this action.

Wherefore Plaintiffs demand the following relief:

a.     A declaration that the foreclosure sale of the Plaintiffs' Property on April 24, 2018 is invalid and void;

b.     A declaration that the foreclosure deed recorded in the Land Evidence Records of the City of East Providence in Book 4041 Page 30 at 11:57 AMis invalid and void;

c.     Grant all other just and proper relief.

**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST**

**AND AS HEIRS AT LAW OF**
**APOLONIA MORAIS**

By their Attorney

August 13, 2019                    /s/ John B. Ennis
                                   JOHN B. ENNIS, ESQ. #2135
                                   1200 Reservoir Avenue
                                   Cranston, Rhode Island 02920
                                   (401) 943-9230
                                   Jbelaw75@gmail.com

## COUNT III

### VIOLATIONS OF REGULATION X  AGAINST CITIZENS BANK, N.A. FOR FAILURE TO PROVIDE THE LIFE OF THE LOAN HISTORY

70.    Paragraphs 1-69 are incorporated by reference.

71.    This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).  This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA")

72.    This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

73.    Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.
74.    Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).

75.    In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States,

pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

76      Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

77.     The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

78      The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

79.     The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

80.     On or about  June 8,  2018, the Plaintiffs sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

81.     The Notice of Error was mailed by certified mail, return receipt requested.

81.      The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

82.     The Notice was received by the Defendant on June  11,  2018.

83.     The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to respond to a Request for Information seeking the life of the loan transactional history.

84.     Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

85.     Defendant did not correct the error within thirty business days. Through its attorney it refused to provide the documents requested and instead stated that the Plaintiffs were not borrowers.

86.     The Defendant refused to comply with its duties pursuant to 12 C.F.R. 1024.36 an ignored the amendments to Regulation X, which went into effect on  April 19, 2018.

 87.     Citizens made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

88.     Its response was nonresponsive to the Notice of Error.

89.     The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

90.     As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct the error.

91.     The Plaintiffs have incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.     They have incurred postage and copying costs in transmitting this Notice of Error.

b.     They have incurred time from  their activities to visit their attorney to discuss this Notices of Error and the failure to respond to it.

c.      They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action.

92.      The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018.

WHEREFORE, Plaintiffs demand judgment for actual damages plus

statutory damages of $2,000.00 per violation for this Regulation X violation,

plus attorney fees and costs.

**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST**
**AND AS HEIRS AT LAW OF**
**APOLONIA MORAIS**

By their Attorney

August 13, 2019                    /s/ John B. Ennis
                                   JOHN B. ENNIS, ESQ. #2135
                                   1200 Reservoir Avenue
                                   Cranston, Rhode Island 02920
                                   (401) 943-9230
                                   Jbelaw75@gmail.com

## COUNT IV

## VIOLATIONS OF REGULATION X AGAINST CITIZENS BANK, N.A. FOR FAILURE TO CORRECT AN ERROR ASSERTED FOR FAILURE TO PROVIDETHE LIFE OF THE LOAN HISTORY

93.     Paragraphs 1-92 are incorporated by reference.

94.     This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).  This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA")

95.     This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

95.     Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.

96.     Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).

97.     In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

98     Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

99.     The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

100.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

101.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiff have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

102.   On or about  July 18,  2018, the Plaintiffs sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

103.   The Notice of Error was mailed by certified mail, return receipt requested.

104.    The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

105.   The Notice was received by the Defendant on July 21,  2018.

106.   The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed correct and error and had refused to respond to the Notice of Error for failure  to respond to a Request for Information seeking the life of the loan transactional history.

107.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

108.   Defendant did not correct the error within thirty business days. Through its attorney it refused to provide the documents requested and instead restated that the Plaintiffs were not borrowers.

109.        The Defendant refused to comply with its duties pursuant to 12 C.F.R. 1024.36 an ignored the amendments to Regulation X, which went into effect on  April 19, 2018.

110.   Citizens made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

111.   Its response was nonresponsive to the Notice of Error.

112.   The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

113.   As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct the error.

114    The Plaintiffs have incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.     They have incurred postage and copying costs in transmitting this Notice of Error.

b.     They have incurred time from  their activities to visit their attorney to discuss this Notices of Error and the failure to respond to it.

c.     They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action.

115.   The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of  Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018.

        WHEREFORE, Plaintiffs demand judgment for actual damages plus

statutory damages of $2,000.00 per violation for this Regulation X violation,

plus attorney fees and costs.

**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST**

18

**AND AS HEIRS AT LAW OF**
**APOLONIA MORAIS**

By their Attorney

August 13, 2019                    /s/ John B. Ennis___
                                   JOHN B. ENNIS, ESQ. #2135
                                   1200 Reservoir Avenue
                                   Cranston, Rhode Island 02920
                                   (401) 943-9230
                                   Jbelaw75@gmail.com

## COUNT V

### VIOLATIONS OF REGULATION X  AGAINST CITIZENS BANK, N.A. FOR FAILURE TO CORRECT AN ERROR  AND RESCIND THE FORECLOSURE SALE

116.   Paragraphs 1-115 are incorporated by reference.

117.   This is an action for actual and statutory damages filed by the Plaintiffs for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB). This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA")

118.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

119.   Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.

120.   Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).

121.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

122.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

123.   The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

124.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

125.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiffs have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

126.   On or about  June 16, 2018, the Plaintiffs sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

127.   The Notice of Error was mailed by certified mail, return receipt requested.

128.    The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

128.   The Notice was received by the Defendant on June 18,  2018.

129.   The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had erroneously mailed the decedent a Notice of Sale and claims to have foreclosed on the property without a valid default notice and had did not rescind this sale and remove all charges from the mortgage loan account.

130.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

131.   Defendant did not correct the error within thirty business days. Through its attorney it refused to correct the error and instead stated that the Plaintiffs were not borrowers.

132.        The Defendant refused to comply with its duties pursuant to 12 C.F.R. 1024.36 an ignored the amendments to Regulation X, which went into effect on  April 19, 2018.

133.   Citizens made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

134.   Its response was nonresponsive to the Notice of Error.

135.   The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

136.   As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct the error.

137.   The Plaintiffs have incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.        They have incurred postage and copying costs in transmitting this Notice of Error.

b.     They have incurred time from their activities to visit their attorney to discuss this Notices of Error and the failure to respond to it.

c.     They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action.

138.    The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018.

WHEREFORE, Plaintiffs demand judgment for actual damages plus

statutory damages of $2,000.00 per violation for this Regulation X violation,

plus attorney fees and costs.

**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST**
**AND AS HEIRS AT LAW OF**
**APOLONIA MORAIS**
By their Attorney

August 13, 2019                    /s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com


Plaintiffs demand a Trial by Jury