## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST**
**AND HEIRS AT LAW OF APOLONIA MORAIS**
**MARTA FARIA IN HER CAPACITY**
**AS ADMINISTRATRIX**
**OF THE ESTATE OF APOLONIA MORAIS**

**VS**                                    **1:19-CV-427-MSM-LDA**


**CITIZENS BANK , N.A.**
**CITIZENS BANK, N.A. d/b/a CITIZENS ONE HOME LOANS**
**OTORO, LLC**


## AMENDED COMPLAINT

Plaintiffs, by their attorney, complain of Defendants as follows:

1.     Plaintiffs, Ana Faria, Philipe Faria, Marta Faria and Catarina

Travassos, are heirs at law and successors in interest to Apolonia Morais,

also known as Appolonia Morais, who died on June 10, 2014, who was a

resident of State of Rhode Island with an address of 120 Lena Street,  East

Providence, Rhode Island.

2.     The heirs at law are the fee owners of this real estate in equal

shares, of the property.

1

3.     Plaintiff Marta Faria in her capacity as Administratrix of the Estate of Apolonia Morais has been  appointed Administratrix of the Estate of Apolonia Morais by the Probate Court of the City of East Providence and is authorized to bring an action on behalf of the decedent to the extent that it is necessary for the decedent's estate to bring any claims.

4.     Citizens Bank, National Association ("Citizens") is a Rhode Island Bank formerly known as Citizens Bank of Rhode Island before its merger.

5.     Apolonia Morais ("Morais") and her partner,  Jose Faria, executed a promissory note on that date to Citizens Bank of Rhode Island on April 13, 2004.

6.     A copy of the promissory note is attached as Exhibit A.

7.     Apolonia Morais  (" Morais") executed a mortgage to Citizens Bank of Rhode Island on April 13, 2004. A copy of the mortgage is attached as Exhibit  B.

8.     Jose Faria did not execute the mortgage to Citizens Bank of Rhode Island ("Citizens") and had no ownership interest in the property.

9.      Citizens, since July 7, 2017 has serviced its own loan under the fictional name of Citizens One Home Loans ("Citizens One"), with a

primary business location of Glen Allen, Virginia.   Prior to that date, the mortgage was serviced by Citizens Bank,  under its own name.

10.     Defendant, Otoro, LLC is a Rhode Island Limited Liability Company.

11.     This Court has jurisdiction pursuant to the Real Estate Settlement and Procedures Act and pursuant to Supplemental Jurisdiction.

## COUNT I

### BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING

12.     Paragraphs 1-11 are incorporated by reference

13.     On February 26, 2018, the law firm of Shechtman, Halperin Savage, LLP ("Shechtman") scheduled a foreclosure sale for the property of the decedent.

14.     This sale was scheduled for April 24, 2018 at 12:00 PM.

15.     A copy of the Notice of Sale is attached as Exhibit C.

16.     This Notice of Sale was mailed to the property address and to all of the heirs at law.

17.     Previously the heirs at law were all mailed Notices of Mediation pursuant to R.I.G.L 34-27-3.2 at their home addresses.

18.     Contrary to the terms of the mortgage, and the promissory note, no Notice of Default was mailed to the decedent's address or to  any party in interest in strict compliance with the terms of the mortgage and the note.

19.     Before an acceleration of the loan was declared, the Lender, its assignee  or a servicer acting on behalf of the owner of the mortgage was required to send the mortgagor or the parties in interest of the decedent a notice:

    a.     the default;

    b.     the action required to cure the default, stating a date, not less than 10 days from the date the default must be cured;

    c.     that failure to cure the default on or before the date specified in the Notice may result in the acceleration and sale of the borrower's home;

    d.     the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

20.     Prior to exercising the statutory power of sale, Paragrahp Paragraph 16 and 17  of the mortgage must be strictly complied with by the lender or its successors or assigns.

21.     Neither the decedent nor her heirs have ever been mailed an acceleration notice as required by the terms of this mortgage.

22.     The provisions in paragraph 16 and 17 of the mortgage were a

condition precedent to the exercise of the power of sale of the mortgage.

23.     Citizens did not strictly comply  with the terms of the mortgage to exercise the statutory power of sale as indicated above.

24.     Any alleged exercise of the statutory power of sale  was defective because a default notice and an acceleration notice were never sent as required by paragraph 16 and paragraph 17 of the mortgage.

25.     On or about December 27, 2017 a  purported default notice, dated December 27, 2017 was mailed solely to  the "Estate of Apolonia Morais".

26.     A copy of this letter is attached as Exhibit D.

27.     This letter did not comply with the terms of the mortgage.

28.     The mortgage in paragraph 16 required particular language before seeking to exercise the statutory power of sale.

29.     Paragraph 16  stated:

Acceleration, Remedies

Upon Mortgagor's breach of any covenants or agreement of Mortgagor in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender, prior to acceleration shall give notice to Mortgagor as provided in Paragraph 11 hereof specifying:
(1) the breach:
(2) the action required to cure such breach;
(3) a date, not less than 10 days from the date the notice is mailed to Mortgagor, by which such breach must be cured;

And (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the property
This notice shall further inform Mortgagor of the right to reinstate after acceleration and the right to bring a Court action assert the nonexistence of a default or any other defense of mortgagor to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all the sums  secured by this Mortgage to be immediately due and payable without further demand and Lender may invoke the   STATUTORY POWER OF SALE and any other remedies permitted by applicable law.

30.     However this letter did not state a particular date to cure.

Instead of strictly complying with the terms of the mortgage  it deceptively

stated:

Under the terms of the Loan Documents you may cure the default by paying the amounts set forth below on or before January 26, 2018.

31.     No specific date was included, as all dates from the date of the

letter to January 26, 2018 were listed as multiple cure dates.

32.     Certain of these dates were within ten days of the purported

date of the letter.

33.     Thus the borrower and the borrowers' heirs were not

deceptively not provided a specific date which was the deadline for curing

the arrearage.

34.     This letter also did not strictly comply with the terms of the

mortgage and deceptively did not state that failure to cure such breach on or

before a specific date referenced in the notice may result in acceleration of the sums secured by this Mortgage and sale of the property.

35.     This failure to strictly comply with the terms of the mortgage rendered void any subsequent attempted exercise of the statutory power of sale.

36.     This letter also did not strictly comply with the terms of the mortgage by stating that failure to cure the arrearage may result in acceleration and sale.

37.     Instead,  this letter deceptively stated:

If the default is not cured by the Cure Date, the balance of the Note may be deemed accelerated without further demand, and the Lender may proceed with the foreclosure of the mortgage.

38.     Contrary to the terms of the mortgage, this letter deceptively purported to accelerate the amount due under the promissory note in the same letter which purported to demand a cure of the default. It deceived the Plaintiffs by stating that if the inaccurate amount of default on the note listed was not cured then the note would be automatically accelerated with no additional action by Citizens.

39.     As a result of this failure to strictly comply with the terms of the mortgage, Citizens was not able to exercise the statutory power of sale and any purported exercise of the statutory power of sale was void.

40.     This notice also did not strictly comply with the terms of the mortgage by stating a specific and accurate amount due to be cured by a particular date. Instead, it deceptively stated:

 If the default is not cured by December 31, 2017, the January 2018 loan payment must also be included.

41.     However the terms of the mortgage did not require that the borrower had to pay any amount to cure other than an exact amount due for the monthly payment due at the time of the date of the letter.

42.     As a result of this failure to strictly comply with the terms of the mortgage, Citizens was not able to exercise the statutory power of sale and any purported exercise of the statutory power of sale was void.

43.     This letter, contrary to the terms of the mortgage deceptively limited the rights of the heirs at law of the decedent in this notice by stating:

Unless you notify Shechtman Halperin Savage LLP within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid.

44.     This language, contrary to the terms of the mortgage, placed an additional  burdened the heirs of the decedent by obliging them to contact Shechtman, which was not a requirement of the terms of the mortgage.

45.     The amount claimed to be in default was not an accurate amount, which did not strictly comply with the terms of the mortgage or the note.

8

46.    This letter deceptively required as a condition of curing the default to pay the charges referenced as Mtgr Rec Corp Adv in the amount of $399.00, contrary to the terms of the mortgage.

47.    Paragraph 17 of the mortgage allows certain fees to be required to be paid in order to reinstate the note after acceleration of the note.

48.    Such fees and expenses had to be incurred in enforcing the covenants and agreements of the mortgagor.

49.    These fees in the amount of $399.00 were neither reasonable nor necessary and pursuant to the terms of the mortgage could not be included in a default letter to cure the arrearage.

50.    These fees included unreasonable property preservation fees, which were not reasonable nor necessary and which were charged to the mortgage loan account on the following dates:

| | |
|---|---|
| July 10, 2017 | $14.00 |
| August 7, 2010 | $14.00 |
| September 14, 2017 | $14.00 |
| October 11, 2017 | $14.00 |
| November 9, 2017 | $14.00 |
| December 11, 2017 | $14.00 |

9

51.     These fees were automatically charged to the mortgage loan account by the computer software program which operated Citizens One's electronic system of record, whenever a payment was not made the previous month.

52.     These fees were neither reasonable nor necessary.

53.     These fees were not generated in order to determine if the property was occupied or secure.

54.     Instead these fees were generated in order to make a profit for the loan servicer as a result of the failure of the borrower to make payments.

55.     These monthly fees were not incurred to preserve the Plaintiffs' property and were not incurred pursuant to the terms of the note and the mortgage.

56.     Citizens One was aware through communications with the Plaintiffs that the property was neither vacant, unoccupied nor in need of repair or preservation.

57.     Thus the charge to the mortgage loan account of these fees of $84.00 were neither reasonable nor necessary nor permitted by the terms of the mortgage and were not actually paid to the entity which purportedly performed property preservation.

58.     The $399.00 charge in the December 27, 2017 letter included these unreasonable fees.

59.     The $399.00 charge in the December 27, 2017 letter also included $315.00 for attorney fees.

60.     These fees were neither reasonable nor necessary because the December 27, 2017 letter was the initial communication from Shechtman.

61.     The charge of $315.00 charge for a single letter was not a reasonable charge to the mortgage loan account.

62.     As a result the charge for $399.00, included in the amount of $19,510.78, deceptively  demanded to cure the default was not an accurate amount to be charged to the mortgage loan account.

63.     As a result of this failure to strictly comply with the terms of the mortgage by mailing an inaccurate default letter, Citizens was not able to exercise the statutory power of sale and any purported exercise of the statutory power of sale was void.

64.     Citizens also deceptively demanded $786.16 for legal fees for future foreclosure services in this December 27, 2017 letter.

65.     These fees were neither reasonable nor necessary and in fact had not yet been incurred by Shechtman..

66.     Instead in reviewing the computer program and the electronic transactional history, Shechtman deceptively charged this amount which applied to future foreclosure action in the event that there was a future foreclosure.

67.     The electronic system of record of Citizens One automatically charged the mortgage loan account the projected fee for a foreclosure even before a default letter was mailed.

68.     Thus the December 27, 2017 letter deceptively demanded payment to cure which included unreasonable fees, which had not actually been incurred.

69.     As a result of this failure to strictly comply with the terms of the mortgage by mailing an inaccurate default letter, Citizens was not able to exercise the statutory power of sale and any purported exercise of the statutory power of sale was void.

70.     These fees referenced in the purported default letter could only be charged if the loan had been accelerated, as indicated in paragraph 17 of the mortgage.

71.     However the note was never accelerated by Citizens or Citizens One.

72.     The promissory note contains a provision which references the note as a uniform secured note.

73.     This provision in the note states that the security instrument contains certain conditions under which Citizens could required immediate payment in full of all sums secured by the mortgage.

74.     One of these conditions was the failure to make the monthly payments on the note.

75.     Another condition which could result in acceleration and sale was transfer of the property without  Lender's consent.

76.     The promissory note specifically required acceleration of the note by specifically indicating the bases for acceleration:

If Lender exercise this option, Lender shall give Borrower notice of Acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

77.     Citizens never accelerated the note and did not comply with this provision of the note or paragraphs 16 or 17 of the mortgage..

78.     This note and mortgage were prepared by Citizens with no input from the decedent.

79.     As a result, all ambiguous terms in the note or the mortgage must be interpreted against the Lender.

80.     After the purported default letter was mailed, Citizens One mailed to the decedent's address and Jose Faria, who was not a property owner, and was not a mortgagor, statements dated December 27, 2017, January 29, 2018, February 27, 2018 and March 27, 2018.  In none of these statements did Citizens One or Citizens indicate that the mortgage loan had been accelerated.

81.     The amount stated as due on the December 27, 2017 periodic statement was $10,587.78.

82.     The amount stated as due on the January 29, 2018 periodic statement was $12,762.88.

83.     The amount stated as due on the February 27, 2018 periodic statement was $14,937.98.

84.     The amount stated as due on the March 27, 2018 periodic statement was $14,937.98.

85.    The loan was not accelerated by Citizens or Citizens One because three late fees of $10.00 were charged for failure to make a monthly payment on January 29, 2018, February 27, 2018 and March 27, 2018.

86.    Late charges cannot be charged after a loan has been accelerated because after acceleration monthly payments are no longer due on the mortgage loan.

87.    At no time after December 27, 2017 did Plaintiffs or any person or entity receive any letter which indicated that the mortgage loan was accelerated.

88.    Paragraph 16 and Paragraph 17 of the mortgage make it clear that any type of foreclosure activity must be commenced only after the note has been accelerated.

89.    This failure of Citizens to strictly comply with the terms of the mortgage and note by not accelerating the note, voids any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability to conduct this foreclosure.

90.    The December 27, 2017 letter also deceptively failed to advise the borrower and her heirs that the right to reinstate would terminate five days before the sale.

91.     The Plaintiffs had the funds to cure the default and to reinstate even though there was no acceleration.

92.     However Citizens would not provide them an accurate amount to cure or reinstate and ignored communications from an attorney hired by them.

93.     The December 27, 2017 letter also deceptively stated that:

The Lender may also be entitled to all reasonable costs, expenses and fees incurred by the lender in pursuing its remedies including but not limited to, reasonable attorney's fees.

94.     This deceptive disclaimer of "may also be entitled" to fees and costs was deceptive because the mortgage provides that the Lender "shall be entitled" to collect these fees and expenses.

95.     Citizens' deceptive failure to advise of the entitlement of these fees and costs as the  result of acceleration and sale did not strictly comply with the terms of the mortgage and note.

96.     The December 27, 2017 letter also deceptively stated that the amount secured by the mortgage was $42,768.84.

97.     This amount was not an accurate amount of the total obligation under the note as it included anticipated legal fees and costs, not yet incurred.

98.   The inclusion of a purportedly accelerated amount in a default letter did not strictly comply with the terms of the mortgage or note and deceived the Plaintiffs as to the actual amount due to cure the default to avoid the possibility of acceleration and sale.

99.   The inclusion of this amount in a default letter was deceptive and suggested that this amount had to be paid to cure the default.

100.   Citizens thus conflated the curing of the default with reinstating after acceleration.

101.   However acceleration had not yet occurred on December 27, 2017 and as a result this deceptive assertion of the total amount secured by the mortgage rendered this letter not strictly compliant with the terms of the mortgage and the note.

102.   This letter also deceptively stated that the rate of interest on the Note may vary under the terms thereof.

103.   However this note was not a variable rate note.

104.   The failure of Citizens to strictly  comply with the terms of the mortgage and the note as alleged rendered void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability to conduct this foreclosure.

105.   Plaintiff, Marta Faria  lives in this property as her principal residence along with her father, Jose Faria.

106.   Marta Faria is also the duly authorized Administratrix of the Estate.

107.   Upon the death of Apolonia Morais, the ownership of the property passed by operation of law to her children in equal shares.

108.   R.I.G.L 33-1-1 provides:

**§ 33-1-1. Real estate descending by intestacy to children or descendants, parents, or brothers and sisters.**

Whenever any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass in equal portions to his or her kindred, in the following course:

(1) First to the intestate's children or their descendants, if there are any.

(2) Second, if there be no children nor their descendants, then to the intestate's parents in equal shares, or to the surviving parent.

(3) Third, if there is no parent, then to the intestate's brothers and sisters, and their descendants.

109.   Apolonia Morais died intestate as she never executed a will.

110.   Marta Faria, as Administratrix, has the authority to sign a Certificate of Devise to the heirs at law in order  resolve any title issues or any other issues which arise during administration of the estate.

111.   On February 26, 2018, Shechtman on behalf of Citizens mailed a Notice of Sale, pursuant to R.I.G.L 34-27-4 to Marta Faria and the Estate of Apolonia Morais to 120 Lena Street, East Providence, Rhode Island.

112.   A copy of this letter is attached as Exhibit D.

113.   On April 24, 2018, Defendant Citizens, claims to have conducted a foreclosure sale of the Plaintiffs' property, through its attorney Shechtman.

114.   At this time Defendant, Otoro, LLC claims to have bid to purchase the property at an amount less than the fair market value of the property.

115.   The fair market value of the property at the time of the purported foreclosure was $247,700.00.

116.   The amount, which Citizens claimed to be past due on the mortgage loan as of March 17, 2018 was $17,428.08 with a principal balance of $29,860.12.

117.   The Plaintiffs and/or Estate had approximately $180,000.00 of equity in the property at the time of the purported sale.

118.   The Plaintiffs have advised Citizens, through its attorney, that they were ready, willing and able to pay off the mortgage loan, by refinancing the property, using a private lender.

119.   Citizens, through Shechtman,  was notified prior to recording the purported foreclosure deed of the defects in the default notice and the failure to accelerate the mortgage loan, invalidating the sale.

120.   Despite the clear defects in the foreclosure process, Defendant refused to rescind this purported sale and through its attorney, Shechtman, has advised the Plaintiffs that it would complete the purported foreclosure sale and accept the bid of the purchaser.

121.   On July 11, 2018 in Book 4041 Page 30 of the Land Evidence Records of the City of East Providence, a purported foreclosure deed to Defendant, Otoro, LLC was recorded.

122.   This deed was dated May 10, 2018.

123.   Pursuant to R.I.G.L 34-27-4, a foreclosure deed must include an Attorney's affidavit as to compliance with the Soldier's and Sailors Relief Act and with compliance with mailing of the notice to the mortgagor.

124.   This purported affidavit was dated May 17, 2018 and could not be incorporated by reference in the foreclosure deed, dated May 10, 2018, as this affidavit had not yet been executed on May 10, 2018.

125.   This purported affidavit indicates that the successors in interest to the decedent were not provided notice as required by the terms of the mortgage and R.I.G.L 34-11-22 and 34-27-4.

20

126.   The heirs at law were entitled to the same statutory and contractual notice to which the original mortgagor  was entitled.

127.   The provisions of paragraph 10 indicate that the covenants and agreements of the mortgage inure to the benefit of the successors in interest of the mortgagor.

128.   Citizens was aware of the names and addresses of the heirs at law of the decedent and sent notices to them in conjunction with this foreclosure attempt.

129.   Citizens mailed the Notice of Mediation to all the heirs at law at their home addresses.

130.   Citizens mailed the Notice of Sale to all the heirs at law at their home addresses.

131.   Shechtman failed to mail the purported Notice of Default to any of the heirs at law at their home addresses despite being aware that the decedent had died and that she had heirs.

132.   Failure to provide this notice resulted in a defective sale.

133.   Paragraph 16 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

134.   As alleged above, Citizens, acting as Citizens One Home Loan never sent  decedent Apolonia Morais, the Estate of Apolonia Morais or her heirs at law any default letter, which included language required by the terms of the mortgage.

135.   The December 27, 2017 letter did not strictly comply with the terms of the mortgage.

136.   Citizens never accelerated the note of the decedent Apolonia Morais as required by the terms of the mortgage.

137.   Due to this failure to comply with the terms of the mortgage, Citizens was not contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiffs' property.

138.   This action constituted a breach of contract, resulting in damages to the heirs at law and the Estate, who hired an attorney to commence this case.

139.   The mortgage contract between decedent and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

140.   Citizens  violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of the terms of the mortgage by

seeking to exercise the statutory power of sale without the lender having first

sent a default notice to the Plaintiff heirs at law, which strictly complied

with the terms of the mortgage.

141.   Citizens also breached the covenant of good faith and dealing

by not accelerating the mortgage note pursuant to the terms of the mortgage

and the note.

142.   The failure to send a default letter and failure to accelerate the

mortgage loan pursuant to the terms of the mortgage and the note  were

actions taken contrary to the contractual and statutory obligations of the

parties.

143.   The improper charges for property inspection fees and legal

fees and foreclosure fees contrary to the terms of the mortgage were actions

taken contrary to the contractual and statutory obligations of the parties.

144.   As a result, Plaintiffs, both heirs at law and the Estate have

incurred the following damages:

a.   Plaintiffs have incurred the cost of filing this action in the
form of filing fees and service fees, incurred in order to
stop the foreclosure, which was in violation of the terms
of the mortgage.

b.   The decedent's  mortgage loan account has been charged
fees and costs which were not permitted without a valid
default letter having being mailed as required by the

terms of mortgage and which were neither reasonable nor necessary.

c.      Plaintiffs have incurred damages for aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety.

d.      Plaintiffs have incurred stress with mail advising them that their home will be sold at a public auction.

e.      Plaintiffs have lost the equity in their property without due process of law.

f.      Plaintiffs have had to defend and eviction action in the District Court and the Superior Court.

145.   The conduct of Citizens was willful, wanton and reckless, warranting the imposition of punitive damages. It ignored the clearly stated terms of the mortgage and note and the foreclosure statute but instead went forward and sought to exercise the statutory power of sale without a valid default notice having been mailed and without having first accelerated the note prior to purported exercise of the statutory power of sale and without notifying all the successors of the decedent of the purported default.

146.   Plaintiffs have incurred legal fees for the prosecution of this action and in defense of the eviction action brought by Defendant Otoro.

WHEREFORE, Plaintiffs demand the following relief:

a.      Damages against Citizens for failure to comply with the terms of the mortgage.

24

b.   Damages against Citizens  for legal fees and damages arising from the breach of contract.

c.   Legal fees from Citizens

d.   Damages for charges to the decedent's  mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice and an acceleration notice

e.   Actual damages attributable to the aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety and stress suffered by the Plaintiff.

f.   Damages for punitive damages

g.   Damages for the loss of their property and the equity in said home

h.   All other just and proper relief.

**MARTA FARIA AS ADMINISTRATRIX OF THE ESTATE OF APOLONIA MORAIS**
**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST AND AS HEIRS AT LAW OF APOLONIA MORAIS**

By their Attorney

December 10, 2020            /s/ John B. Ennis
                                       JOHN B. ENNIS, ESQ. #2135
                                       1200 Reservoir Avenue
                                       Cranston, Rhode Island 02920
                                       (401) 943-9230
                                       Jbelaw75@gmail.com

## COUNT II

## DECLARATORY JUDGMENT

147.   Paragraphs 1- 146 are incorporated by reference.

148.   This Court has jurisdiction to issue Declaratory Judgments pursuant to the Declaratory Judgment Act, 28 U.S.C §2201.

149.   The failure of Citizens to strictly comply with the terms of the Mortgage and the note as alleged in this complaint rendered the purported foreclosure void.

150.   As a result, the purported deed recorded in the Land Evidence Records of the City of East Providence in Book 4041  Page 30 at 11:57 AM. should be vacated and rescinded.

151.   This Court has the power to declare that the aforementioned deed to be void and without any effect.

152.   Plaintiffs have incurred legal fees for the prosecution of this action.

Wherefore Plaintiffs demand the following relief:

a.   A declaration that the foreclosure sale of the Plaintiffs' Property on

April 24, 2018 was invalid and void;

b.      A declaration that the foreclosure deed recorded in the Land Evidence

Records of the City of East Providence in Book 4041 Page 30 at 11:57 AM

is invalid and void;

c.      Grant all other just and proper relief.

> **MARTA FARIA AS
> ADMINISTRATRIX OF THE
> ESTATE OF APOLONIA
> MORAIS
> ANA FARIA
> PHILIPE FARIA
> MARTA FARIA
> CATARINA TRAVASSOS
> AS SUCCESSORS IN INTEREST
> AND AS HEIRS AT LAW OF
> APOLONIA MORAIS**
>
> By their Attorney

December 11, 2020              /s/ John B. Ennis
                              JOHN B. ENNIS, ESQ. #2135
                              1200 Reservoir Avenue
                              Cranston, Rhode Island 02920
                              (401) 943-9230
                              Jbelaw75@gmail.com

## COUNT III

### VIOLATION OF REGULATION X  AGAINST CITIZENS BANK, N.A. FOR FAILURE TO PROVIDE THE LIFE OF THE LOAN HISTORY

153.   Paragraphs 1-152 are incorporated by reference.

154   This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).

155.   This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA")

156.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

157.   Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.

158.   Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).

159.   They have been acknowledged to be the heirs at law of the decedent by Citizens One when Citizens caused them to be mailed Notices of Mediation and Notices of Sale.

160.   In the alternative, Marta Faria as Adminstratrix of the Estate of Apolonia Morais has standing to bring this action.

161.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

162.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

163.   The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

164.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations

for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

165.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiffs have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

166.   On or about  June 8,  2018, the Plaintiffs sent a written notice of error, attached as Exhibit E,  to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

167.   The Notice of Error was mailed by certified mail, return receipt requested.

168.    The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

169.   The Notice was received by the Defendant on July 20, 2018.

170.   The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to respond to a Request for Information seeking the life of the loan transactional history.

171.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.


172.   Defendant did not correct the error within thirty business days. Through its attorney it refused to provide the documents requested and instead stated that the Plaintiffs were not borrowers.

173.   The Defendant refused to comply with its duties pursuant to 12 C.F.R. 1024.36 and ignored the amendments to Regulation X, which went into effect on  April 19, 2018.

174.   Citizens made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

175.   Its response was nonresponsive to the Notice of Error.

176.   The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

177.   As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct the error.

178.   The Plaintiffs have incurred actual damages, costs and legal fees in preparing the Notice of Error and reviewing the non-responsive response of Citizens to the Notice of Error and its failure to make a reasonable response to correct the error  as required by RESPA to this Notice of Error.

179.   These damages were directly caused by Citizens' failure to correct the error asserted in this Notice of Error or to make any response to this Notice of Error as they are required to do by RESPSA.

180.   They have incurred postage and copying costs in transmitting this Notice of Error to Citizens, which Citizens refused to correct or respond pursuant to its obligations under RESPA. This cost was directly caused by Citizens' failure to correct the error or make any response to this Notice of Error.

181.   They have incurred time from their activities to call and visit their attorney to discuss this Notice of Error and the failure of Citizens to respond to it.

182.   They have incurred attorney fees and costs in preparing the Notice of Error and in reviewing the non-responsive communications from Citizens to the Notice of Error.

183.   The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of  Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018, entitling them to statutory damages.

WHEREFORE, Plaintiffs demand judgment for actual damages plus statutory damages of $2,000.00 per violation for this Regulation X violation, plus attorney fees and costs.

**MARTA FARIA AS ADMINISTRATRIX OF THE ESTATE OF APOLONIA MORAIS**
**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST AND AS HEIRS AT LAW OF APOLONIA MORAIS**

By their Attorney

December 11, 2020

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

33

## COUNT IV

### VIOLATION OF REGULATION X  AGAINST CITIZENS BANK, N.A. FOR FAILURE TO CORRECT AN ERROR ASSERTED FOR FAILURE TO PROVIDE RECORDS RELATING TO NOTICES SENT TO RHODE ISLAND HOUSING FOR MEDIATION OF THE MORTGAGE LOAN.

184.   Paragraphs 1-183 are incorporated by reference.

185.   This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).  This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") .

186.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

187.   Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.

188.   Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).   In the

34

alternative, Marta Faria is the Administratrix of the Estate of Apolonia Morais and is entitled to bring this action.

189.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

190.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

191.   The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

192.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

193.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiff have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

194.   On or about  July 18,  2018, the Plaintiffs sent a written notice of error, attached as Exhibit F,  to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

195.   The Notice of Error was mailed by certified mail, return receipt requested.

196.    The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

197.   The Notice was received by the Defendant on July 21,  2018.

198.   The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had refused to respond to a Request for

Information to provide all information regarding notices sent to Rhode

Island Housing for mediation of the mortgage.

199.   Under 12 CFR 1024.35 the Notice of Error had to be responded

to by the Defendant within thirty (30) business days of the date of the receipt

of the Request.  The Regulations provide that in computing this time period

public holidays, Saturdays and Sundays are excluded.

200.   Defendant did not correct the error within thirty business days.

Through its attorney it refused to provide the documents requested and

instead restated that the Plaintiffs were not borrowers.

201.   The Defendant refused to comply with its duties pursuant to 12

C.F.R. 1024.36 and ignored the amendments to Regulation X, which went

into effect on  April 19, 2018.

202.   Citizens made no reasonable effort to correct the error and

merely recited the Regulation promulgated under the Dodd Frank Act.

203.   Its response was nonresponsive to the Notice of Error.

204.   The Defendant has exhibited a pattern and practice of failing to

comply with the Regulations as it failed to respond to or correct the error as

indicated in this complaint and in other responses to Notices of Error.

205.   As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct this        error.

206.   The Plaintiffs have incurred actual damages, costs and legal fees in preparing the Notice of Error and reviewing the non-responsive response of Citizens to the Notice of Error and its failure to make a reasonable response to correct the error  as required by RESPA to this Notice of Error.

207.   These damages were directly caused by Citizens' failure to correct the error asserted in this Notice of Error or to make any response to this Notice of Error as they are required to do by RESPSA.

208.   They have incurred postage and copying costs in transmitting this Notice of Error to Citizens, which Citizens refused to correct or respond pursuant to its obligations under RESPA. This cost was directly caused by Citizens' failure to correct the error or make any response to this Notice of Error.

209.   They have incurred time from their activities to call and visit their attorney to discuss this Notice of Error and the failure of Citizens to respond to it.

210.   They have incurred attorney fees and costs in preparing the Notice of Error and in reviewing the non-responsive communications from Citizens to the Notice of Error.

211.   The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of  Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018 entitling the Plaintiffs to statutory damages.

WHEREFORE, Plaintiffs demand judgment for actual damages plus statutory damages of $2,000.00 per violation for this Regulation X violation, plus attorney fees and costs.

**MARTA FARIA AS ADMINISTRATRIX OF THE ESTATE OF APOLONIA MORAIS**
**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST AND AS HEIRS AT LAW OF APOLONIA MORAIS**

By their Attorney

December 11, 2020

/s/ John B. Ennis___
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

39

## COUNT V

### VIOLATION OF REGULATION X  AGAINST CITIZENS BANK, N.A. FOR FAILURE TO CORRECT AN ERROR  AND RESCIND THE FORECLOSURE SALE

212.   Paragraphs 1-211 are incorporated by reference.

213.   This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).  This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") .

214.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

215.   Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.

216.   Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).

217.   In the alternative, Marta Faria is the Administratrix of the Estate of Apolonia Morais and is entitled to bring this action.

218.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

219.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

220.   The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

221.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

222.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth

below.  The Plaintiff have a private right of action under the Real Estate

Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such

an action includes actual damages, costs, statutory damages and attorney's

fees.

223.   On or about  May 14,  2018, the Plaintiffs sent a written notice

of error, attached as Exhibit G,  to the Defendant that included the name of

the borrower, the identity of the account, the property description and stated

the information requested. This request was made pursuant to 12 CFR §

1024.36(a).

224.   The Notice of Error was mailed by certified mail, return receipt

requested.

225.    The Notice was mailed to the address noticed by the Defendant

on its website as the designated address for sending a Notice of Error as

provided for by 12 CFR § 1024.35.

226.   The Notice was received by the Defendant on May 18, 2018.

227.   The Plaintiff's Notice of Error referenced failure to  rescind a

foreclosure sale which was not valid due to failure to strictly comply with

the terms of the mortgage and the note.

228.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

229.   Defendant did not correct the error within thirty business days. Through its attorney it refused to rescind the sale and also stated that the Plaintiffs were not borrowers.

230.   Defendant could have chosen to correct this error by not recording the foreclosure deed , which was not recorded until July 11, 2018, but refused to do so.

231.   The Defendant refused to comply with its duties pursuant to 12 C.F.R. 1024.36 and ignored the amendments to Regulation X, which went into effect on April 19, 2018.

232.   Citizens made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

233.   Its response was nonresponsive to the Notice of Error and in fact ignored established case law and the terms of the mortgage by not rescinding the sale.

234.   The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

235.   As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct this error.

235.   The Plaintiffs have incurred actual damages, costs and legal fees in preparing the Notice of Error and reviewing the non-responsive response of Citizens to the Notice of Error and its failure to make a reasonable response to correct the error  as required by RESPA to this Notice of Error.

236.   These damages were directly caused by Citizens' failure to correct the error asserted in this Notice of Error or to make any response to this Notice of Error as they are required to do by RESPSA.

237.   They have incurred postage and copying costs in transmitting this Notice of Error to Citizens, which Citizens refused to correct or respond pursuant to its obligations under RESPA. This cost was directly caused by Citizens' failure to correct the error or make any response to this Notice of Error.

238.   They have incurred time from their activities to call and visit their attorney to discuss this Notice of Error and the failure of Citizens to respond to it.

239.   They have incurred attorney fees and costs in preparing the Notice of Error and in reviewing the non-responsive communications from Citizens to the Notice of Error.

240.   They have lost their property to an invalid foreclosure sale due to the failure to correct this error and incurred damages due to the loss of equity in the property.

241.   The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of  Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018 entitling the Plaintiffs to statutory damages.

WHEREFORE, Plaintiffs demand judgment for actual damages plus statutory damages of $2,000.00 per violation for this Regulation X violation, plus attorney fees and costs.

**MARTA FARIA AS
ADMINISTRATRIX OF THE
ESTATE OF APOLONIA
MORAIS
ANA FARIA
PHILIPE FARIA
MARTA FARIA
CATARINA TRAVASSOS
AS SUCCESSORS IN INTEREST
AND AS HEIRS AT LAW OF
APOLONIA MORAIS**
By their Attorney
[p /s/ John B. Ennis

December 11, 2020

JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT VI

**VIOLATION OF REGULATION X  AGAINST CITIZENS BANK,
N.A. FOR FAILURE TO CORRECT AN ERROR ASSERTED FOR
FAILURE TO PROVIDE RECORDS RELATING TO LEGAL FEES
CHARGED TO THE MORTGAGE LOAN ACCOUNT**

242.   Paragraphs 1-241 are incorporated by reference.

243.   This is an action for actual and statutory damages filed by the

Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer

Protection Act (DFA) and specifically of the Regulations enacted pursuant

thereto by the Consumer Financial Protection Bureau (CFPB).  This is also

an action for actual and statutory damages filed by the Plaintiff for violations

of the Real Estate Settlement Procedures Act, ("RESPA") .

46

244.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

245.   Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.

247.   Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).

248.   In the alternative, Marta Faria is the Administratrix of the Estate of Apolonia Morais and is entitled to bring this action.

249.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

250.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

251.   The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

252.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

253.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiff have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

254.   On or about  July 16,  2018, the Plaintiffs sent a written notice of error, attached as Exhibit H,  to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

255.   The Notice of Error was mailed by certified mail, return receipt requested.

256.   The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

257.   The Notice was received by the Defendant on July 20, 2018.

258.   The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had refused to respond to a Request for Information to provide all information regarding legal fees charged to the mortgage loan account.

259.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

260.   Defendant did not correct the error within thirty business days. Through its attorney it refused to provide the documents requested and instead restated that the Plaintiffs were not borrowers.

261.   The Defendant refused to comply with its duties pursuant to 12 C.F.R. 1024.36 and ignored the amendments to Regulation X, which went into effect on April 19, 2018.

262.   Citizens made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

49

263.   Its response was nonresponsive to the Notice of Error.

264.   The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

265.   As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct this error.

266.   The Plaintiffs have incurred actual damages, costs and legal fees in regard to this action relating to the failure of Citizens to correct the error asserted in the Notice of Error or to make a reasonable response as required by RESPA to this Notice of Error.

267.   These damages were directly caused by Citizens' failure to correct the error asserted in this Notice of Error or to make any response to this Notice of Error as they are required to do by RESPSA.

268.   They have incurred postage and copying costs in transmitting this Notice of Error to Citizens, which Citizens refused to correct or respond pursuant to its obligations under RESPA. This cost was directly caused by Citizens' failure to correct the error or make any response to this Notice of Error.

269.   They have incurred time from their activities to call and visit their attorney to discuss this Notice of Error and the failure of Citizens to respond to it.

270.   They have incurred attorney fees and costs in preparing the Notice of Error and in reviewing the non-responsive communications from Citizens to the Notice of Error.

271.    The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of  Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018 entitling the Plaintiffs to statutory damages.

WHEREFORE, Plaintiffs demand judgment for actual damages plus statutory damages of $2,000.00 per violation for this Regulation X violation, plus attorney fees and costs.

**MARTA FARIA AS
ADMINISTRATRIX OF THE
ESTATE OF APOLONIA
MORAIS
ANA FARIA
PHILIPE FARIA
MARTA FARIA
CATARINA TRAVASSOS
AS SUCCESSORS IN INTEREST
AND AS HEIRS AT LAW OF
APOLONIA MORAIS**

By their Attorney

December 11, 2020                /s/ John B. Ennis
                                JOHN B. ENNIS, ESQ. #2135
                                1200 Reservoir Avenue
                                Cranston, Rhode Island 02920
                                (401) 943-9230
                                Jbelaw75@gmail.com

## COUNT VII

### VIOLATION OF REGULATION X  AGAINST CITIZENS BANK, N.A. FOR FAILURE TO CORRECT AN ERROR ASSERTED FOR FAILURE CORRECT AN ERROR FOR FAILURE TO RESPOND TO A REQUEST FOR INFORMATION TO PROVIDE RECORDS RELATING TO  RHODE ISLAND HOUSING AND MEDIATION

272.   Paragraphs 1-271 are incorporated by reference.

273.   This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).  This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") .

274.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

275.    Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.

276.    Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).

277.    In the alternative, Marta Faria is the Administratrix of the Estate of Apolonia Morais and is entitled to bring this action.

278.    In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

279.    Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

280.    The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

281.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

282.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiff have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

283.   On or about  August 23, 2018, the Plaintiffs sent a written notice of error, attached as Exhibit I, to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

284.   The Notice of Error was mailed by certified mail, return receipt requested.

285.   The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

286.   The Notice was received by the Defendant on August 27, 2018.

287.   The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant after receipt of a Notice of Error had refused to respond to the Notice of Error or correct an error asserted to respond to Request for Information to provide all information regarding documents mailed to Rhode Island Housing regarding mediation.

288.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

290.   Plaintiffs mailed this Notice of Error to provide the Defendant an opportunity to correct the recurring error, which it had previously made by asserting that the Plaintiffs as successors in interest were not borrowers and were not proper parties to mail RESPA requests for information or notices of error and to obtain all documents mailed to Rhode Island Housing.

291.   Defendant did not correct the error within thirty business days. Through its attorney it refused to correct the error  provide the documents requested and instead restated the error that the Plaintiffs were not borrowers.

292.   The Defendant refused to comply with its duties pursuant to 12 C.F.R. 1024.36 and ignored the amendments to Regulation X, which went into effect on April 19, 2018.

293.   Citizens made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act and its response was nonresponsive to the Notice of Error.

294.   The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

295.   As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct this error.

296.   The Plaintiffs have incurred actual damages, costs and legal fees in preparing the Notice of Error and reviewing the non-responsive response of Citizens to the Notice of Error and its failure to make a reasonable response to correct the error  as required by RESPA to this Notice of Error.

297.   These damages were directly caused by Citizens' failure to correct the error asserted in this Notice of Error or to make any response to this Notice of Error as they are required to do by RESPSA.

298.   They have incurred postage and copying costs in transmitting this Notice of Error to Citizens, which Citizens refused to correct or respond pursuant to its obligations under RESPA. This cost was directly caused by Citizens' failure to correct the error or make any response to this Notice of Error.

299.   They have incurred time from their activities to call and visit their attorney to discuss this Notice of Error and the failure of Citizens to respond to it.

300.   They have incurred attorney fees and costs in preparing the Notice of Error and in reviewing the non-responsive communications from Citizens to the Notice of Error.

301.   The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018 entitling the Plaintiffs to statutory damages.

WHEREFORE, Plaintiffs demand judgment for actual damages plus statutory damages of $2,000.00 per violation for this Regulation X violation, plus attorney fees and costs.

**MARTA FARIA AS
ADMINISTRATRIX OF THE
ESTATE OF APOLONIA
MORAIS
ANA FARIA
PHILIPE FARIA
MARTA FARIA
CATARINA TRAVASSOS
AS SUCCESSORS IN INTEREST
AND AS HEIRS AT LAW OF
APOLONIA MORAIS**

By their Attorney

December 11, 2020

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT VIII

### VIOLATION OF REGULATION X  AGAINST CITIZENS BANK, N.A. FOR FAILURE TO CORRECT AN ERROR BY NOT CORRECTING AN ERROR   AND RESCINDING THE FORECLOSURE SALE

302.   Paragraphs 1-301 are incorporated by reference.

303.   This is an action for actual and statutory damages filed by the

Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer

Protection Act (DFA) and specifically of the Regulations enacted pursuant

thereto by the Consumer Financial Protection Bureau (CFPB).  This is also

58

an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") .

304.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

305.   Citizens Bank, N.A.  performs its mortgage loan servicing business under the name of Citizens One Home Loans. It is servicer of a Promissory Note and Mortgage on the Decedent's residential real estate.

306.   Plaintiffs are the successors in interest to the decedent mortgagor pursuant to the provisions of  12 C.F.R. 1024.36(i).

307.   In the alternative, Marta Faria is the Administratrix of the Estate of Apolonia Morais and is entitled to bring this action.

308.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

309.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z) (February 14, 2013) and 78 FR §10695 (Regulation

X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

310.   The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

311.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

312.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiff have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

313.   On or about  June 15, 2018 the Plaintiffs sent a written notice of error, attached as Exhibit J, to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

314.   The Notice of Error was mailed by certified mail, return receipt requested.

315.    The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

316.   The Notice was received by the Defendant on June 19, 2018.

317.   The Plaintiff's Notice of Error referenced failure to respond to a Notice of Error or make a reasonable effort to correct an error by  rescinding a foreclosure sale which was not valid due to failure to strictly comply with the terms of the mortgage and the note.

318.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

319.   Defendant did not correct the error within thirty business days. Through its attorney it refused to rescind the sale and also restated its continuing error that the Plaintiffs were not borrowers.

320.   Defendant could have chosen to correct this error by not recording the foreclosure deed  which was not recorded until July 11, 2018, but refused to do so.

321.   Plaintiffs offered to pay off their mortgage loan in full if Citizens would rescind the foreclosure sale prior to recording the deed, but Citizens refused to correct its error and recorded the foreclosure deed on July 11, 2018.

322.   The Defendant refused to comply with its duties pursuant to 12 C.F.R. 1024.36 and ignored the amendments to Regulation X, which went into effect on  April 19, 2018.

323.   Citizens made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

324.   Its response was nonresponsive to the Notice of Error and in fact ignored established case law and the terms of the mortgage by not rescinding the sale.

325.   The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

326.   As a result of this lack of compliance by the Defendant, Citizens is liable to Plaintiffs for actual damages, statutory damages, costs and attorney's fees for failure to correct this error.

327.   The Plaintiffs have incurred actual damages, costs and legal fees in preparing the Notice of Error and reviewing the non-responsive

response of Citizens to the Notice of Error and its failure to make a reasonable response to correct the error  as required by RESPA to this Notice of Error.

328.   These damages were directly caused by Citizens' failure to correct the error asserted in this Notice of Error or to make any response to this Notice of Error as they are required to do by RESPSA.

329.   They have incurred postage and copying costs in transmitting this Notice of Error to Citizens, which Citizens refused to correct or respond pursuant to its obligations under RESPA. This cost was directly caused by Citizens' failure to correct the error or make any response to this Notice of Error.

330.   They have incurred time from their activities to call and visit their attorney to discuss this Notice of Error and the failure of Citizens to respond to it.

331.   They have incurred attorney fees and costs in preparing the Notice of Error and in reviewing the non-responsive communications from Citizens to the Notice of Error.

332.   They have lost their property to an invalid foreclosure sale due to the failure to correct this error and incurred damages due to the loss of equity in the property.

333.    The failure of the Defendant to correct the Notices of Error in this case is consistent with the pattern and practice of Citizens to ignore all Regulation X Notice of Error in violation of 12 C.F.R. 1024.36 (i) as amended on April 19, 2018 entitling the Plaintiffs to statutory damages.

WHEREFORE, Plaintiffs demand judgment for actual damages plus statutory damages of $2,000.00 per violation for this Regulation X violation, plus attorney fees and costs.

**MARTA FARIA AS ADMINISTRATRIX OF THE ESTATE OF APOLONIA MORAIS**
**ANA FARIA**
**PHILIPE FARIA**
**MARTA FARIA**
**CATARINA TRAVASSOS**
**AS SUCCESSORS IN INTEREST AND AS HEIRS AT LAW OF APOLONIA MORAIS**
By their Attorney

December 11, 2020          /s/ John B. Ennis
                          JOHN B. ENNIS, ESQ. #2135
                          1200 Reservoir Avenue
                          Cranston, Rhode Island 02920
                          (401) 943-9230
                          Jbelaw75@gmail.com

Plaintiffs demand a Trial by Jury