# EXHIBIT B

010316  BK2338PG079

**CITIZENS BANK**

## MORTGAGE

THIS MORTGAGE is dated 04/13/2004 between the Mortgagor,

APOLONIA M MORAIS

(the "Mortgagor"). This Security Instrument is granted to the Mortgagee
Citizens Bank of Rhode Island
a savings bank organized under the laws of the state where the Lender has its principal place of business,
1 Citizens Plaza, Providence, RI 02903 ("Lender").

TO SECURE to Lender the payment and performance of the Obligations specified below; Mortgagor does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the County of PROVIDENCE State of Rhode Island;

"See attached legal description hereto and made a part hereof."

which has the address of 120 LENA STREET, EAST PROVIDENCE, RI 02914

(herein the "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property".

The "Obligations" secured by this Mortgage are Mortgagor's obligations (i) to repay Mortgagor's debt to Lender in the principal sum of U S $81,925.00, together with interest thereon, evidenced by Mortgagor's Promissory Note dated 04/13/2004 payable to Lender or order, and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, (ii) to pay to Lender all amounts advanced or incurred by Lender in accordance with the terms of this Mortgage, together with interest thereon, and (iii) to pay, perform and observe Mortgagor's covenants and agreements contained in this Mortgage.

MORTGAGOR covenants that Mortgagor is lawfully seised in fee simple of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record set forth above. Mortgagor covenants that Mortgagor warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record set forth above.

Mortgagor covenants and agrees to and with the Lender as follows:

**1. Payment and Performance of Obligations.** The Mortgagor shall timely pay, strictly perform and observe the Obligations, including all the terms, conditions, obligations and covenants in each instrument or agreement evidencing or securing the Obligations.

**2. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and Paragraph 1 hereof shall be applied by Lender first to interest, then to insurance charges, if any, and then to principal, and any remaining amount to any unpaid collection costs and late charges and any other charges Mortgagor may owe.

**3. Prior Mortgages and Deeds of Trust; Charges; Liens.** Mortgagor shall perform all of Mortgagor's obligations under any mortgage, deed of trust or other security agreement with a lien which has a priority over this Mortgage, including Mortgagor's covenants to make payments when due. Mortgagor shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

RIC  John Bczubka, Jr.    

Rev 10/03

**4. Hazard Insurance.** Mortgagor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as the Lender may require, including without limitation, Flood Insurance in such amounts and for such periods as the Lender may require.

The insurance carrier providing the insurance shall be chosen by the Mortgagor subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgagee clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Mortgagor shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Mortgagor.

If the Property is abandoned by the Mortgagor, or if the Mortgagor fails to respond to Lender within 30 days from the date notice is mailed by Lender to Mortgagor that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**5. Preservation and Maintenance and Protection of Property; Leaseholds; Condominiums; Planned Unit Developments.** Mortgagor shall keep the Property in good repair and shall not commit waste or permit any nuisance, impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Mortgagor shall perform all of the Mortgagor's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**6. Protection of Lender's Security.** If Mortgagor fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which material affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Mortgagor, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Mortgagor shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance the Mortgagor's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this **Paragraph 6**, with interest thereon, at the Note rate, shall become additional indebtedness of the Mortgagor secured by this Mortgage. Unless Mortgagor and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Mortgagor requesting payment thereof. Nothing contained in this **Paragraph 6** shall require Lender to incur any expense or take any action hereunder. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**7. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Mortgagor reasonable notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**8. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**9. Mortgagor Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successors in interest of Mortgagor or Obligor shall not operate to release in any manner, the liability of the original Mortgagor and Mortgagor's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Mortgagor and Mortgagor's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**10. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Mortgagor, subject to the Provisions of **Paragraph 15** hereof. All covenants and agreements of Mortgagor shall be joint and several. Any Mortgagor who co-signs this Mortgage, but does not execute the Note or the Guaranty, (a) is co-signing this Mortgage only to mortgage, grant and convey that Mortgagor's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable under this Mortgage, and (c) agrees that Lender and any other Mortgagor hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note or the Guaranty without that Mortgagor's consent and without releasing that Mortgagor or modifying this Mortgage as to that Mortgagor's interest in the Property.

**11. Notice.** Except for any notice required under applicable law to be given in another manner; (a) any notice to Mortgagor provided for in this Mortgage shall be given by delivering it or mailing such notice by certified mail addressed to Mortgagor at the Property Address or at such other address as Mortgagor may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Mortgagor as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Mortgagor or Lender when given in the manner designated herein.

**12. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note or the Guaranty conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note or the Guaranty which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**13. Laws Affecting Rights.** If the Obligations are subject to a law that sets maximum loan charges and that law is so finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Obligations exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected on account of the Obligations which exceeded permitted limits will be refunded or, at Lender's option, applied to reduce the principal amount of the Obligations. Any such reduction of principal will be treated as a partial prepayment without any prepayment charge under the Note.

If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Mortgage unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Mortgage and may invoke any remedies permitted under **Paragraph 16**.

**14. Rehabilitation Loan Agreement.** Mortgagor shall fulfill all of Mortgagor's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Mortgagor enters into with Lender. Lender, at Lender's option, may require Mortgagor to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Mortgagor may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**15. Transfer of the Property or a Beneficial Interest in Mortgagor.** If all or any part of the Property or an interest therein is sold or transferred (or if a beneficial interest in Mortgagor is sold or transferred and Mortgagor is not a natural person) without Lender's prior written consent, Lender will declare all the sums secured by this Mortgage to be immediately due and payable. However, this option shall not be exercised by Lender if exercise is not authorized by Federal law.

If Lender exercises such option to accelerate, Lender shall mail Mortgagor notice of acceleration in accordance with **Paragraph 11** hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Mortgagor may pay the sums declared due. If Mortgagor fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Mortgagor, invoke any remedies permitted by **Paragraph 16** herein.

Notwithstanding a sale or transfer of the Property, Mortgagor will continue to be obligated under the Obligations, including this Mortgage, unless Lender has released Mortgagor in writing.

**16. Acceleration; Remedies.** Upon Mortgagor's breach of any covenants or agreement of Mortgagor in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Mortgagor as provided in **Paragraph 11** hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Mortgagor, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Mortgagor of the right to reinstate after acceleration and the right to bring a Court action to assert the nonexistence of a default or any other defense of Mortgagor to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this **Paragraph 16**, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Mortgagor as provided in **Paragraph 11** hereof. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of sale, including, but not limited to, reasonable attorneys fees and cost of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

**17. Mortgagor's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Mortgagor's breach, Mortgagor shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Mortgagor pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Mortgagor cures all breaches of any other covenants or agreements of Mortgagor contained in this Mortgage; (c) Mortgagor pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Mortgagor contained in this Mortgage, and in enforcing Lender's remedies as provided in **Paragraph 16** hereof, including, but not limited to, reasonable attorneys' fees; (d) Mortgagor takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Mortgagor's Obligations secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Mortgagor, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**18. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Mortgagor hereby assigns to Lender the rents of the Property, provided that Mortgagor shall, prior to acceleration under **Paragraph 16** hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under **Paragraph 16** hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**19. Release.** Upon payment of all sums secured by this Mortgage and such written agreements of Mortgagor as the Lender shall reasonably request, releasing the Lender from any further obligation to make future advances under the Note, this Mortgage shall become null and void, and Lender shall discharge this Mortgage without charge to Mortgagor. Mortgagor shall pay all costs of recordation, if any.

**20. Default.** Mortgagor will be in default under the Agreement if any of the following occurs, each of which constitutes a breach of a material obligation of the Mortgagors' under the Agreement:

(a) Mortgagor fails to make any payment when due or to pay any charge or fee when due;

(b) Mortgagor's action or failure to act adversely affects Lender's security for Mortgagor's loan or a right Lender has in the security (an attempt by any other creditor to take money or other property of Mortgagors' that is in Lender's possession is an example of a failure to act that would adversely affect Lender's security or security interest);

(c) A court determines that Mortgagor is bankrupt or insolvent; or

(d) Mortgagor gave or gives Lender false or materially misleading information in connection with any extension of credit to the Mortgagor under the Mortgagor loan.

**21. Waivers.** The Mortgagor waives all rights of homestead exemption in the Property and the benefits of any other similar laws which may be enacted from time to time and agrees that the homestead estate is subject to the rights of Lender under the Agreement and this Security Instrument and is subordinated to the lien of this Security Instrument.

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
## UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

The Mortgagor and the Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give notice to the Lender, at Lender's address stated herein, of any default under the superior encumbrance and of any sale or other foreclosure action.

BY SIGNING BELOW, the Mortgagor accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by the Mortgagor and recorded with it.

*Apolonia Morais*
APOLONIA M MORAIS

## INDIVIDUAL ACKNOWLEDGMENT

STATE OR COMMONWEALTH OF ___RI___ )
                                    )SS:
COUNTY OF ___Providence___          )

On the __13th__ day of __April__, __2004__, before me appeared

### APOLONIA M MORAIS

to me personally known to be the person(s) whose name(s) is/are subscribed to this instrument, and such person(s) acknowledged that he/she/they (i) executed the same for the purposes therein contained, and (ii) executed this instrument as their free act and deed.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(Official Seal)

_____
Notary Public
Print Name: Notary P...
My Commission expires: My Commission E...

## INDIVIDUAL ACKNOWLEDGMENT

STATE OR COMMONWEALTH OF _____ )
                                          )SS:
COUNTY OF _____         )

On the _____ day of _____, _____, before me appeared

to me personally known to be the person(s) whose name(s) is/are subscribed to this instrument, and such person(s) acknowledged that he/she/they (i) executed the same for the purposes therein contained, and (ii) executed this instrument as their free act and deed.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(Official Seal)

_____
Notary Public
Print Name:
My Commission expires:

Attention _Registry of Deeds/Town or City Clerk:_

Mail to:

    Citizens Bank Consumer Finance Operations
    480 Jefferson Boulevard
    Warwick, RI 02886

TAK REV 11/01

BK2338PG084

EXHIBIT "A"

Those two (2) certain lots or parcels of land with all the buildings and improvements thereon situated in the City of East Providence, County of Providence, State of Rhode Island, laid out and designated as Lots Numbered 16 (sixteen) and 18 (eighteen) on that certain plat of land entitled, "Brightridge Plat No. "2" of the Brightridge Land Company of Providence, R.I., Surveyed October 1900 by W.M. Dexter, Eng.", which said plat is recorded in the Records of Land Evidence of the City of East Providence in Plat Book 9 at Page 7 and (copy) on Plat Card 118.

2004 SEP 29 PM 2:40
EAST PROVIDENCE, RI
JOHN A. CHACE
CITY CLERK

RCR

Karin Morais
1441831