# EXHIBIT E

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                                                                           Fax (401) 679-0035

July 16, 2018

Citizens One Home Loans
Attn: Customer Service
P.O. Box 6260
Glen Allen, VA 23058-6260

Apolonia Morais (deceased)
120 Lema Street
East Providence, RI 02914-3915
Account No: 8000071590

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The successors in interest and heirs at law of the decedent Apolonia Morais, the consumer in this case believe that you have committed error by refusing to respond to a Request for Information within thirty business days of receipt. This Request for Information requested the following information:**

**An exact reproduction of the life of loan mortgage transactional history for this loan on the contractual system of record used by the servicer from origination of the loan to the date of this letter. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.**

**You received this Request for Information on June 11, 2018. On July 12, 2018 you responded to the Request for Information, through your attorney, Christoper J. Fragomeni, Esq., an attorney in the law firm of Shechtman Halperin Savage, LLP. In this response you erroneously referenced legal citations to cases prior to the amended of Regulation X, effective April 19, 2018. You erroneously stated that the Requests for Information on behalf of Marta Faria, Ana Faria and Filipe Faria have no standing to submit the instant Request for Information due to the assertion that they are not borrowers stating:**

**Therefore they have no standing to submit the instate Request for Information and Citizens is under no obligation to respond to same.**
**A copy of the response is attached to this Notice of Error.**
**A copy of the Request for Information is attached to this Notice of Error.**

**You have committed error by not considering the impact of the amendment of Regulation X, effective April 19, 2018, which is attached to this Notice of Error. This amendment, which created 24 CFR 1024.36(i) states:**

**Editor's Note:** Effective April 19, 2018, paragraph (i) is added to read:

(i) *Potential successors in interest.* (1) With respect to any written request from a person that indicates that the person may be a successor in interest and that includes the name of the transferor borrower from whom the person received an ownership interest and information that enables the servicer to identify the mortgage loan account, a servicer shall respond by providing the potential successor in interest with a written description of the documents the servicer reasonably requires to confirm the person's identity and ownership interest in the property and contact information, including a telephone number, for further assistance. With respect to the written request, a servicer shall treat the potential successor in interest as a borrower for purposes of the requirements of paragraphs (c) through (g) of this section.

(2) If a written request under paragraph (i)(1) of this section does not provide sufficient information to enable the servicer to identify the documents the servicer reasonably requires to confirm the person's identity and ownership interest in the property, the servicer may provide a response that includes examples of documents typically accepted to establish identity and ownership interest in a property; indicates that the person may obtain a more individualized description of required documents by providing additional information; specifies what additional information is required to enable the servicer to identify the required documents; and provides contact information, including a telephone number, for further assistance. A servicer's response under this paragraph must otherwise comply with the requirements of paragraph (i)(1). Notwithstanding paragraph (f)(1)(i), if a potential successor in interest subsequently provides orally or in writing the required information specified by the servicer pursuant to this paragraph, the servicer must treat the new information, together with the original request, as a new, non-duplicative request under paragraph (i)(1), received as of the date the required information was received, and must respond accordingly.

(3) In responding to a request under paragraph (i)(1) of this section prior to confirmation, the servicer is not required to provide any information other than the information specified in paragraphs (i)(1) and (2). In responding to a written request under paragraph (i)(1) that requests other information, the servicer must indicate that the potential successor in interest may resubmit any request for information once confirmed as a successor in interest.

(4) If a servicer has established an address that a borrower must use to request information pursuant to paragraph (b) of this section, a servicer must comply with the requirements of paragraph (i)(1) of this section only for requests received at the established address.

The official interpretation of the amended regulation indicates that you have committed error by refusing to respond.

**Official Interpretation**

**Editor's Note:** Effective April 19, 2018, the following text is added:
**36(i) Potential successors in interest.**
1. *Requests that indicate that the person may be a successor in interest.* Section 1024.36(i) requires a servicer to respond to certain written requests received from a person that indicate the person may be a successor in interest. Examples of written requests that indicate that the person may be a successor in interest include, without limitation, a written statement from a person other than a borrower indicating that there has been a transfer of ownership or of an ownership

interest in the property to the person or that a borrower has been divorced, legally separated, or died, or a written loss mitigation application received from a person other than a borrower.

2. *Time limits.* A servicer must respond to a request under § 1024.36(i) not later than the time limits set forth in § 1024.36(d)(2). Servicers subject to § 1024.38(b)(1)(vi)(B) must also maintain policies and procedures reasonably designed to ensure that, upon receiving notice of the existence of a potential successor in interest, the servicer can promptly determine the documents the servicer reasonably requires to confirm that person's identity and ownership interest in the property and promptly provide to the potential successor in interest a description of those documents and how the person may submit a written request under § 1024.36(i) (including the appropriate address). Depending on the facts and circumstances of the request, responding promptly may require a servicer to respond more quickly than the time limits established in § 1024.36(d)(2).

3. *Potential successor in interest's representative.* An information request pursuant to § 1024.36(i) is submitted by a potential successor in interest if the information request is submitted by an agent of the potential successor in interest. A servicer may undertake reasonable procedures to determine if a person that claims to be an agent of a potential successor in interest has authority from the potential successor in interest to act on the potential successor in interest's behalf, for example, by requiring that a person that claims to be an agent of the potential successor in interest provide documentation from the potential successor in interest stating that the purported agent is acting on the potential successor in interest's behalf. Upon receipt of such documentation, the servicer shall treat the request for information as having been submitted by the potential successor in interest.

**In this response you also committed error by ignoring the provisions of 12 CFR 1024.36(i), which was amended effective April 19, 2018. This amended section of Regulation X is attached. This section makes it clear that the heirs at law and successors in interest of the decedent are considered as borrowers with standing under RESPA to send Requests for Information and Notices of Error. You were aware that Apolonia Morais died on June 10, 2014 and that she had heirs at law, who took an interest in the property. Copies of your communications to the heirs at law are attached to this Notice of Error A copy of the death certificate is attached. Thus you are aware that the consumer who died had heirs at law who are considered as borrowers as successors in interest to Apolonia Morais.**

**Thus you have committed error by citing case law relating to the former version of Regulation X and ignoring the amended version of 24 CFR 1024.36)i), which clearly establishes that:**

With respect to the written request, a servicer shall treat the potential successor in interest as a borrower for purposes of the requirements of paragraphs (c) through (g) of this section.

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason the reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,


John B. Ennis, Esq.