# EXHIBIT G

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                                                                    Fax (401) 679-0035
May 14, 2018

Citizens One Home Loans
Attn: Customer Service
P.O. Box 6260
Glen Allen, VA 23058-6260

Apolonia Morais (deceased)
120 Lema Street
East Providence, RI 02914-3915
Account No: 8000071590

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.
(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).
(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.
(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.
(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).
(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).
(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you have committed error by sending the consumer's heirs at law a Notice of Sale dated February 26, 2018 indicating that the holder of the mortgage had hired Shechtman Halperin Savage, LLPC to schedule a foreclosure sale of the property on April 24, 2018 with advertising to commence on April 3, 2018. You have committed error by incurring any fees to the mortgage loan account because the consumer's heirs at law have never been declared in default pursuant to the terms of the mortgage. Specifically a default letter pursuant to the terms of the mortgage must be sent to the consumer pursuant to paragraph 22 of the mortgage. No such notice has ever been sent to the consumer's heirs at law. The consumer's heirs never was mailed a default letter pursuant to the terms of the mortgage. The only purported default letter was mailed to the consumer's spouse, Jose Faria, who was not the fee owner of the property.**
**You were aware that the consumer had died, yet failed to send the heirs at law a default notice as required by the mortgage. In addition, no acceleration notice was sent to anyone, thus further invalidating the sale.**
**Thus all foreclosure costs should be removed from the mortgage loan account and the foreclosure sale rescinded due to its invalidity.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason the reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

*[signature]*

John B. Ennis, Esq.



**SHECHTMAN HALPERIN SAVAGE, LLP**

*Attorneys At Law*
*A Limited Liability Partnership*

February 26, 2018

Marta Faria
120 Lena Street
East Providence, RI 02914      9414 8149 0113 5940 7483 32

RE:  Apolonia M. Morais
     120 Lena Street, East Providence, RI

Dear Madam or Sir:

Enclosed is a copy of a mortgagee's notice of foreclosure sale, which indicates that the above-referenced property is to be sold at a foreclosure sale to be held at the time and place set forth therein. This notice will appear weekly in <u>The Providence Journal</u> beginning on or about April 3, 2018.

This notice is being sent to you because a title report indicates that you have an interest in the above-referenced property.

If you have any questions, please do not hesitate to contact this office.

Very truly yours,

Maggie Pitts-Dilley, Esq.

Enclosure
Certified Mail/RRR
and Regular Mail

1080 Main Street
Pawtucket, Rhode Island 02860
p 401.272.1400  f 401.272.1403
www.shslawfirm.com

## NOTICE OF MORTGAGEE'S SALE

120 Lena Street
East Providence, Rhode Island

The premises described in the mortgage will be sold, subject to all encumbrances, prior liens and such matters which may constitute valid liens or encumbrances after sale, at public auction on April 24, 2018 at 12:00 PM, on the premises by virtue of the power of sale in said mortgage made by Apolonia M. Morais, dated April 13, 2004, and recorded in the East Providence, RI Land Evidence Records in Book 2338 at Page 079, the conditions of said mortgage having been broken. $5,000.00 in cash, certified or bank check required to bid. Other terms to be announced at the sale.

SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, Rhode Island
Attorney for the present
Holder of the Mortgage