# EXHIBIT J

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

**Tel. (401) 943-9230**                                                                **Fax (401) 679-0035**
June 15, 2018

Citizens One Home Loans
Attn: Customer Service
P.O. Box 6260
Glen Allen, VA 23058-6260

Apolonia Morais (deceased)
120 Lema Street
East Providence, RI 02914-3915
Account No: 8000071590

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.
(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).
(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.
(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.
(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).
(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).
(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The successors in interest and heirs at law of the decedent Appolonia Morais, the consumer in this case believe that you have committed error by not correcting an error. You received this Notice of Error, dated May 14, 2018 and attached to this Notice of Error on May 18, 2018. In this Notice of Error, the successors in in interest and heirs to the consumer asserted the following errors:**

**The consumer in this case believes that you have committed error by sending the consumer's heirs at law a Notice of Sale dated February 26, 2018 indicating that the holder of the mortgage had hired Shechtman Halperin Savage, LLPC to schedule a foreclosure sale of the property on April 24, 2018 with advertising to commence on April 3, 2018. You have committed error by incurring any fees to the mortgage loan account because the consumer's heirs at law have never been declared in default pursuant to the terms of the mortgage. Specifically a default letter pursuant to the terms of the mortgage must be sent to the consumer pursuant to paragraph 22 of the mortgage. No such notice has ever been sent to the consumer's heirs at law. The consumer's heirs never was mailed a default letter pursuant to the terms of the mortgage. The only purported default letter was mailed to the consumer's spouse, Jose Faria, who was not the fee owner of the property.**
 **You were aware that the consumer had died, yet failed to send the heirs at law a default notice as required by the mortgage. In addition, no acceleration notice was sent to anyone, thus further invalidating the sale.**
 **Thus all foreclosure costs should be removed from the mortgage loan account and the foreclosure sale rescinded due to its invalidity.**

**In your response, by your attorney Christopher J. Fragomeni of the law firm of Shechtman Halperin Savage, LP, the law firm which conducted the improper foreclosure sale, you refused to correct this error. A copy of that response is attached.**
**In this response you also committed error by ignoring the provisions of 12 CFR 1024.36(i), which was amended effective April 19, 2018. This amended section of Regulation X is attached. This section makes it clear that the heirs at law and successors in interest of the decedent are considered as borrowers with standing under RESPA to send Requests for Information and Notices of Error. Thus you have committed error by citing case law relating to the former version of Regulation X.**

You have also committed error by not correcting the error that a proper default notice was not sent to the consumer or her heirs. The purported default notice mailed on December 27, 2017 was not compliant with the terms of the mortgage. The case of *Martins v. Federal Housing Finance Agency*, 214 F. Supp. 3d 163, 169-170 (D.R.I., 2016) made it clear that a default notice required a specific date:

> In real estate contracts, when required notice fails to specify particular dates, inform the borrower of his or her right to reinstate a loan after acceleration, or inform the borrower of the ability to bring a court action to contest acceleration or foreclosure, that notice is insufficient. *In re Demers*, 511 B.R. at 239; *Hedco, Ltd. v. Blanchette*, 763 A.2d 639, 642, 643 (R.I. 2000) (failing to specify the termination date in a lease by providing the exact date by which tenant could pay was fatal to required notice); *see also* 55 Am. Jur. 2d Mortgages § 539 ("Because... power to sell... by foreclosure sale is derived from the deed of trust and statute, strict compliance with the notice requirements is considered a prerequisite... and noncompliance with these requirements can render a foreclosure sale void.").

Like the notice in *Blanchette* that was deficient because it failed to state the exact date by which the tenant was required to pay, neither the February 11, 2014 notice from Green Tree, nor the April 22, 2014 notice from Harmon stated with specificity the last day by which Ms. Martins was 170*170 required to pay in order to avoid foreclosure and sale of the Property. *See* 763 A.2d at 643. Even though the April 22 notice stated that Ms. Martins had the ability to reinstate the loan, this was not done until *after* acceleration had begun, as the April 22 notice stated, "[y]ou are further notified that the note is hereby accelerated." This fails to meet the parameters of Paragraph 22, which requires that the "Lender shall give notice to Borrower *prior to* acceleration... the right to reinstate after acceleration...."

Your defective default notice stated that the cure for the default had to be made on or before January 26, 2018, which was not a specific date as required by the terms of the mortgage and which included every date from the date of the letter to January 26, 2018 and included dates within ten days of the date of the letter.

You also committed error by not sending the consumer an acceleration letter. Your response indicates that the purported default letter dated December 27, 2017 was an acceleration letter contrary to the terms of the mortgage. As indicated in *Martins*, the default letter had to be sent prior to the acceleration letter. There is no language in the mortgage which allows the language used by your attorney in this purported default letter that:

> If the default is not cured by the Cure Date, the balance of the Note may be deemed accelerated without further demand, and the Lender may proceed with foreclosure of the mortgage.

The mortgage states in paragraph 16(4):

> That failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by the Mortgage and sale of the property.

You also committed error in this purported default notice by charging legal fees and expenses of $786.16 prior to any default letter being sent to the consumer and charging unspecified escrow advances of $10,287.94 and unspecified Mtgr Rec Corp Adv charges of $399.00.

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason the reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

*[signature]*

John B. Ennis, Esq.