UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Ana Faria, Philipe Faria, Marta Faria, Catarina Travasso as successors in interest and heirs at law of Apolonia Morais Marta Faria in her capacity as administratrix of the Estate of Apolonia Morais <br><br> Plaintiffs <br><br> v. <br><br> Citizens Bank, N.A, Citizens Bank, N.A. d/b/a Citizens One Home Loans Otoro, LLC <br><br> Defendants | Case No.: 1:19-cv-00427-MSM-LDA |

### **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiffs, individually, as the heirs at law of Apolonia Morais, filed a complaint in the seeking to enforce certain provisions of a mortgage contract, invalidate an otherwise valid foreclosure sale and claim relief for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"). Defendants, Citizens Bank, N.A. and Citizens Bank, N.A. d/b/a Citizens One Home Loans ("Citizens"), filed a motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Complaint failed to

1

state a claim upon which relief can be granted. Pursuant to an Order of the Court, Plaintiffs were directed to file a Motion to Amend their Complaint. In derogation of the Court Order, Plaintiffs filed an Amended Complaint without filing a motion to amend. As a matter of course, Plaintiffs' Amended Complaint should be stricken for failure to comply with the Court's Order. Notwithstanding, Citizens renews its motion to dismiss as the Amended Complaint fails to state a claim upon which relief at law may be granted.

## STANDARD

This Court must determine whether the Amended Complaint states any claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Plaintiffs' claims must allege plausible entitlement to relief. Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008). To meet that burden, the Amended Complaint must contain sufficient factual matters, which support a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell A. Corp. v. Twombly, 550 US. 544, 570 (2007)). While the Court must accept as true the factual assertions set forth in the Amended Complaint, there must be more than "mere conclusory statements" to survive a motion to dismiss. Twombly at 555. Threadbare recitals of the elements of a cause of action or mere conclusory statements are not sufficient to satisfy the pleading requirements. Ashcroft at 678. Therefore, bald assertions and conclusory allegations must be discarded by the Court. Morales v. Chadbourne, 996 F.Supp.2d 19, 26 (DCRI 2014).

The standard is more than probability of success, but rather whether the claim is plausible. Twombly at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

2

'entitlement to relief." Mayale-Eke v. Merrill Lynch, 754 F.Supp.2d 372, 375 (DCRI 2010) (citing Twombly at 557).

Allegations that are linked and dependent upon documents, such documents may be considered by the Court in reviewing a motion to dismiss. Diva's Inc. v City of Bangor, 411 F. 3d 30, 38 (1st Cir. 2005). This would include a review of the documents annexed to the Amended Complaint.

## ARGUMENT

### I.      Plaintiffs lack standing to raise the claims set forth in the Amended Complaint

Citizens challenged the standing of the Plaintiffs to file the original Complaint. In consideration of Citizens' motion, the Court denied the motion to dismiss without prejudice and directed the Plaintiffs to file a motion to amend the Complaint, with a copy of a proposed Amended Complaint to address the issue of standing. Plaintiffs appear to have addressed the issue of standing by stating that Marta Faria was appointed as administratrix of the Estate of Apolonia Morais. No facts were plead as to when the probate was filed or when the alleged administratrix was appointed.   No exhibits were annexed to the Amended Complaint to support any of the broad allegations claimed therein. It is also interesting to note that the documents annexed to the Amended Complaint in support of Counts IV-VIII do not mention that Marta Faria was appointed as administratrix of the Estate of Apolonia Morais. See Exhibits E-J of the Amended Complaint.

The federal court is bound to act within its statutory grant of subject matter jurisdiction. Therefore, since standing is jurisdictional, the court must ensure that it has proper subject

matter jurisdiction before proceeding to adjudicate the claims set forth in a complaint. Smith v. GTE Corp, 236 F.3d 1292, 1299 (11th Cir. 2011); Osediacz v. Cranston, 414 F.3d 136, 139 (1st Cir. 2005) (standing is an indispensable component of the federal court jurisdiction). Prior to considering the merits of a case, a litigant must have standing. Rogers v. Mulholland, 858 F.Supp.2d 213, 221 (D.R.I. 2012). A plaintiff is required to demonstrate that his or her claim is based on their own rights and not on the rights of any third party. Cosajay v. Mortgage Electronic Registration Systems, Inc., 980 F.Supp.2d 238, 241 (D.R.I. 2013). The burden is on the plaintiff to establish standing to bring an action. Correa v. BAC Home Loans Servicing, LP, 853 F.Supp.2d 1203, 1206 (S.D.FL 2012). To meet this burden, the plaintiff must show that (1) he or she suffered an injury in fact; (2) there is a causal connection between the injury and the defendant's alleged conduct; and (3) it is likely (more than speculative) that the injury can be redressed by the Court. Lujan v. Defenders of Wildlife, 504 US 555, 561 (1992).

  Plaintiffs cannot meet their burden demonstrating standing to bring the claims in any of the eight Counts set forth in their Amended Complaint. None of the Plaintiffs, in their individual capacity as heirs of Apolonia Morais have standing to pursue claims made on behalf of themselves or Apolonia Morais. Taking the facts within the four corners of the Amended Complaint as true, Apolonia Morais executed a note and mortgage to Citizens Bank of Rhode Island on April 13, 2004. See paragraph 5 of Plaintiffs' Amended Complaint. There is no allegation that any of the Plaintiffs, as heirs, were a signatory to the note or mortgage or were otherwise in privity of contract with the Defendant, Citizens Bank of Rhode Island. To the contrary, the Amended Complaint affirmatively states that only Apolonia Morais and Jose Faria

4

were signatories on the note.  See paragraph 5 of Plaintiffs' Amended Complaint.  While the Plaintiffs aver that they are heirs off Apolonia Morais, the Amended Complaint fails to state a claim that Plaintiffs are legally entitled to relief at law.

With respect to Marta Faria's claim of standing as the purported administratrix of the Estate of Apolonia Morais, there are no allegations that any claim was filed on behalf of Citizens against the Estate.  Once again, the Amended Complaint is missing significant facts surrounding the probate estate and the purported appointment of Ms. Faria as administratrix.  The details of when the estate was filed and when a personal representative was appointed are significant elements necessary for standing to raise claims before this Court.

      **a.   There is no breach of contract**

In order for the Plaintiffs to state a claim upon which relief may be granted, they must establish that there was a binding and enforceable contact.  The elements for a breach of contract claim in Rhode Island are: (1) that an agreement existed between the parties, (2) that there was a breach of the agreement and (3) there was a causal connection between the breach injury claimed and (4) the breach caused damages.  Barkan v. Dunkin' Donuts, Inc., 627 F.3d 34, 39 (1st Cir. 2010).  The allegations must contain sufficient facts to establish that there was an express or implied contractual agreement between Citizens Bank of Rhode Island and Plaintiffs.  Pickett v. Ditech Financial, LLC, 322 F.Supp.3d 287, 293 (D.R.I. 2018).  As previously stated, the only parties to the note and mortgage contracts were Citizens Bank of Rhode Island and Apolonia Morais.

Pursuant to the terms of the mortgage, the lender was contractually obligated to send a notice of default to the Borrower, namely Apolonia Morais.  However, she was deceased as of June 10, 2014.  See paragraph 1 of the Amended Complaint.  However, Plaintiffs concede that a default notice dated December 27, 2017 was sent to the Estate of Apolonia M. Morais.  See paragraph 25 of the Amended Complaint.  According to the terms of the Mortgage, the only party entitled to a notice of default was the Mortgagor, which was Apolonia Morais.  See paragraph 21 of the Mortgage.  Plaintiffs fail to establish that the terms of the Mortgage entitled them to a notice to cure.  The lack of privity of contract and breach of any provision of the Mortgage contract are sufficient grounds to deny any relief based on contract.

While the Amended Complaint does not allege a cause of action on behalf of the heirs, it attempts to raise a claim on behalf of Apolonia Morais.  Plaintiffs referred to the December 27, 2017 default notice in the Amended Complaint and annexed same as Exhibit D.  Pursuant to the terms of the mortgage, the notice to cure shall specify:

    1) The breach or default

    2) The action required to cure the breach or default;

    3) A date, not less than 10 days from the date of the notice, by which the breach or default must be cured;

    4) A statement that the failure to cure the breach or default within the time proscribed may result in an acceleration of the debt and sale of the property;

    5) The right to reinstate after acceleration; and

    6) The right to bring court action to assert the non-existence of default or any other defense to acceleration or sale.

The notice to cure in this matter complies with all requirements. The default notice advised the Estate of Apolonia Morais that (1) the loan was in default; (2) the amount due to cure the default was $19,510.78; (3) the default could be cured on or before the cure date of January 26, 2018; (4) if the default is not cured by the cure date, the balance of the Note may be deemed accelerated without demand; (5) notwithstanding acceleration, there is a right to reinstate the loan by paying the sums due and owing as if no acceleration had occurred and (6) there is a right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.  Thus, the default notice complies with the terms of the mortgage.  The Amended Complaint fails to support any of the claims of a breach of contract claimed by the Plaintiffs. See Viera v. Bank of N.Y. Mellon, 2018 WL 4964545 (D.R.I. 2018).

The only specific deficiency specified in the Amended Complaint is that the date to cure was not a specific date certain.  Plaintiffs allege that because the notice to cure permits the borrower to cure the default on or before January 26, 2018, that the notice is deficient.  This argument must fail.  The notice strictly complies with paragraph 16 of the Mortgage, which states that the breach notice include a date to cure no less than 10 days from the date the notice is mailed.  See paragraph 16(3) of the Mortgage.  In addition, this provision states that the "failure to cure such breach **on or before the date specified in the notice** may result in acceleration…**".**  Id. See paragraph 16(4) of the Mortgage Such arguments have been rejected by this Court.  See Bradbury v. Deutsche Bank National Trust Company as Trustee for GSAMP Trust 2005-WMC1, 2020 WL 1815897 *6 (D.C. RI 2020).

7

In <u>Viera</u>, Plaintiffs' attorney[1] raised substantially all the same objections to the default notice in a breach of contract claim. The complaint filed in <u>Viera</u> included a Count substantially similar to Count I. The Vieras alleged that there was a breach of contract for failure of the foreclosing entity to send a default notice as well as a notice of acceleration prior to commencing foreclosure proceedings. <u>Id</u>. at *2. Upon review by the US Court, the Plaintiff's arguments related to paragraph 22[2] of the mortgage were rejected. <u>Id</u>. The <u>Viera</u> Court determined that the default notice complied with the terms of paragraph 22, based on the same facts alleged in the Plaintiffs' Amended Complaint.

### b. Rhode Island does not recognize the claim of Breach of Duty of Good Fair and Fair Dealing

The Amended Complaint also alleges that Citizens breached a duty of good faith and fair dealing. This claim is not recognized as a cause of action in the State of Rhode Island. While parties to a contact have an implied obligation to deal fairly with one another, there is no independent cause of action for a breach of an implied covenant of fair dealing. <u>AAA Pool Services and Supply, Inc. v. Aetna Cas. & Sur. Co</u>, 395 A.2d 724, 725 (RI 1978); <u>Viera</u> at *3. Although not framed as such, Plaintiffs' claims appear to derive from contract. In order for the Plaintiff to prevail on a breach of contract, there must be an offer, acceptance and consideration for a binding contract. Only then the burden is on Plaintiff to prove that there was a breach of that agreement and damages suffered. In this instance, there was no valid contract between the

---

[1] Coincidently is the same attorney representing the Plaintiffs herein.
[2] This would relate to paragraph 16 of the Mortgage signed by Apolonia M. Morais.

8

parties and thus no ensuing breach thereof.  See Culley v. Bank of Am., N.A., 2019 U.S. Dist. LEXIS 53709 *33.

### c. No acceleration of the loan is necessary

Plaintiffs also allege a breach of contract for failure to send a notice of acceleration. While Citizens contends that the loan was accelerated, that notice is outside of the pleadings and may not be considered by this Court.  However, it is not necessary for the Court to consider whether or not such acceleration was sent as it is not a condition precedent to the foreclosure. Paragraph 16 does not require the lender to give notice of acceleration prior to such acceleration.  Viera at *2.  No separate notice is required.  Id. at *3.  Therefore, Plaintiff's claim that there was a breach of contract for failure to send a notice of acceleration to the Plaintiff is flawed.

### II. The RESPA claims in Counts III-Count VIII are limited to Borrowers

Plaintiffs are seeking claims for RESPA violations as heirs at law of Apolonia Morais. RESPA in their individual capacity as successors to Apolonia Morais.  The federal statutes relied upon by the Plaintiffs are consumer statutes for the protection of borrowers.  The individual plaintiffs lack standing to pursue RESPA violation sign the did not sign the note. See Lackie v PHH Mortgage Corporation, 2018 WL 4409799 *2 (N.D.TX 2018).

The Amended Complaint made broad ambiguous claims that Marta Faria is the personal representative of Apolonia Morais.  However, the Amended Complaint is devoid of any allegations as to when such a determination was made and upon what order she was appointed a personal representative.  There are no allegations before this Court that allege that Marta

9

Faria was a successor to Apolonia Moarais at the time her RESPA and TILA requests were made. While Marta Faria may claim that as the personal representative of the Estate of Apolonia Morais she is entitled to bring the claims on behalf of the Estate. However, at the time the RESPA requests were tendered, the right of redemption of Apolonia Morais and her heirs were foreclosed and title transferred at the foreclosure sale. See In re Medaglia, 402 B.R. 530, 533 (Bkrtcy,D.R.I. 2009). All of the RESPA requests are dated after the April 24, 2018 foreclosure sale. The acts questioned by the RESPA requests occurred prior to the April 19, 2018 effective date of the amendments to Regulation X and Regulation Z. The Amendments to Regulation X and Regulation Z were not retroactive and do not create a liability for acts of the lender prior to the effective date of the regulations. See Spaulding v. Citifinancial Servicing, LLC,, 2018 WL 1698263 *4 (D.MA 2018). The Amended Complaint fails to make any claims nor state any facts that support that Marta Faria was a "confirmed" successor in interest. Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 FR 72160-012016 WL 6083237 *72367, *72370-72371 (October 19, 2016).

      The documents annexed to the Amended Complaint fail to disclose that Marta Faria was a personal representative of the Estate of Apolonia Morais or that she was otherwise a confirmed successor, at the time such letters were sent. Even if Marta Faria was a duly appointed personal representative of the Estate of Apolonia Morais prior to the RESPA requests, successors in interest do not have a private right of action for claims made for non-compliance with 12 U.S.C. § 1024.36(i). See Dougherty v. US Bank and Trust National

10

Association, 2020 WL 6372973 *3 (S.D.TX 2020) (citing 81 Fed. Reg. 72160, 72175); See also Lackie v PHH Mortgage Corporation, 2018 WL 4409799 *2 (N.D.TX 2018).

A lender's liability for violations of RESPA is limited to borrowers.  12 U.S.C. § 2605(f).  See Correa v. BAC Home Loans Servicing, LP, 853 F.Supp.2d 1203, 1207 (M.D. Fla. 2012).  Plaintiffs are not the borrowers, only Apolonia Morais executed the Note and Mortgage and was otherwise in privity of contract with the lender.  Thus, "a nonparty to the loan cannot bring an action for violations of TILA or RESPA.  Id. at 1208 (citing Henry v. Guaranteed Rates,Inc., 415 Fed.Appx 985, 985086 (11th Cir 2011)); Mashburn v. Wells Fargo Bank, N.A., 2011 WL 2940363 *3 (W.D.WA 2011); Wilson v. Bank of America, N.A., 48 F.Supp.3d 787, 796 (E.D.PA. 2014); Stolz v. OneWest Bank, 2012 WL 135424 *4 (D.OR 2012); Aldana v. Bank of America, N.A., 2014 WL 12577145 *2 (C.D.CA. 2014).  For this reason, Courts have dismissed RESPA allegations brought by nonborrowers.  Green v. Central Mortgage Company, 2015 WL 5157479 *5 (N.D.CA. 2015) (heirs claim that she inherited the property and became a borrower was rejected by the Court).

Although the Plaintiffs claim an interest in the property through inheritance and may have an interest in the property, such interest does not provide them standing to raise RESPA claims as they are not borrowers.  Bascom v. JPMorgan Chase Bank National Association, 2018 WL 1804347 *4 (Report and Recommendation N.D.GA. 2018) (Affirmed by Court 2018 WL 1804386 (N.D.GA. 2018)).  See Covino v. Wells Fargo Bank, 2018 WL 4616071 *5 (D.NJ. 2018) (only a borrower could send a QWR or NOE).  For these reasons, Counts III-Count VIII should be dismissed as they all raise RESPA claims by nonborrowers.

### III.   Conclusion

For the reasons set forth herein, Counts I, II, II, IV, V, VI, VI and VIII must be dismissed for failure to state a claim upon which relief can be granted.

                      Respectfully Submitted

                      /s/   *Michael R. Hagopian*

                      Michael R. Hagopian, Esq (3448)
                      Brock & Scott, PLLC
                      1080 Main Street, Suite 200
                      Pawtucket, Rhode Island 02860
                      (401) 217-8701 x2453
                      michael.hagopian@brockandscott.com

### CERTIFICATE OF SERVICE

I hereby certify that, on the __28th__ day of ___December___, 2020 I filed and served this document through the electronic filing system and electronically served John Ennis. The document electronically filed and served is available for viewing and/or downloading from the Court's ECF Filing System.

                      /s/   *Michael R. Hagopian*

                      Michael R. Hagopian