UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANA FARIA, PHILIPE FARIA, MARTA FARIA, CATARINA TRAVASSOS, as successors in interest and heirs at law of APOLONIA MORAIS :   Plaintiffs<br>vs.<br><br>CITIZENS BANK, N.A., CITIZENS BANK, N.A., d/b/a CITIZENS ONE HOME LOANS, and OTORO, LLC :   Defendants. | C.A. No.: 2019-427-MSM-LDA |

**DEFENDANT OTORO, LLC'S OBJECTION TO
PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**

Defendant Otoro, LLC ("Otoro") OBJECTS to the untimely Motion to Amend Complaint filed by Plaintiffs Ana Faria, Philipe Faria, Marta Faria, as successors in interest and heirs at law of Apolonia Morais (collectively, "Plaintiffs"). In support thereof, Otoro states as follows:

**FACTS AND TRAVEL**

1. On or about April 13, 2004, Apolonia Morais executed a promissory note and mortgage (the "Loan") in favor of Citizens.

2. On or about June 10, 2014, Ms. Morais passed away without a will.

3. On or about December 27, 2017, Citizens send a default notice to the Estate of Apolonia M. Morais for nonpayment of the Loan. The notice of default stated that the default could be cured on or before January 26, 2018.

4. On or about February 26, 2018, Citizens served a copy of the Notice of Sale on the Estate of Apolonia Morais and Plaintiffs.

5. On or about April 24, 2018, Citizens conducted a foreclosure sale of the Property.

6. Otoro was the highest bidder at the foreclosure sale for the Property and executed a foreclosure deed on May 10, 2018.

1

7. On April 2, 2019, Otoro filed a complaint against Plaintiff Marta Faria and Jose Faria in the Rhode Island State District Court to evict the from the Property.

8. On July 31, 2019, Otoro executed a Stipulation staying the eviction proceeding during the pendency of this litigation. A true and complete copy of the Stipulation is attached as <u>Exhibit A</u>.

*The Federal Court Litigation*

9. On August 13, 2019, Plaintiffs filed their Complaint in this action (the "Complaint").

10. On December 2, 2019, Plaintiffs filed a Motion for Extension of Time to serve the Complaint on Defendants until December 2, 2019 due to Plaintiffs' failure to timely serve Defendants.

11. On December 11, 2019, Defendants Citizens and Citizens One filed their Motion to Dismiss the Complaint (the "Motion to Dismiss").

12. Plaintiffs subsequently requested **four** extensions of time to file their response to the Motion to Dismiss, ultimately filing their response on February 13, 2020.

13. On October 20, 2020, this Court entered an order denying the Motion to Dismiss without prejudice, but also ordered Plaintiffs to file a Motion to Amend their Complaint and within thirty days.

14. On November 20, 2020, Plaintiffs filed a Motion for Extension of Time to File their Motion to Amend Complaint.

15. The Court granting this request and ordered Plaintiffs to file their Motion to Amend Complaint by December 11, 2020, with no further extensions to be granted.

16. On December 11, 2020, Plaintiffs filed an Amended Complaint, but did not file a Motion to Amend their Complaint, as previously ordered by the Court.

17. On December 29, 2020, Otoro filed a Motion to Dismiss the Amended Complaint ("Motion to Dismiss Amended Complaint"), in which Otoro argued that the Amended Complaint should be dismissed because, *inter alia*, Plaintiffs failed to timely file the Motion to Amend Complaint, as required by this Court.

18. On January 11, 2021, Plaintiffs filed a Motion for Extension of Time to file their response to the Motion to Dismiss Amended Complaint, which was Plaintiffs **sixth** request for an extension of time in this case.

19. On February 10, 2021, Plaintiff filed their Response to the Motion to Dismiss Amended Complaint. Inexplicably, Plaintiffs still did not file a Motion to Amend Complaint.

20. Plaintiffs finally filed their Motion to Amend Complaint on April 14, 2021, over **six months** after this Court ordered Plaintiffs to file a Motion to Amend their Complaint.

## ARGUMENT

In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, the United States Supreme Court held that in order to allow a party to file a bankruptcy proof of claim late there must be both neglect, and the neglect must be excusable. 507 U.S. 380 (1993). The Court found that the determination of whether the neglect is excusable:

> "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include the danger of prejudice to the parties, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith"

Id. at 395.

The Court applied this same analysis to Fed. R. Civ. P. 6(b). Id. at 391.

Plaintiff does not attempt to give a reason for its delay, but whatever the reason it was certainly within the reasonable control of the movant. The length of delay is also extreme in this case, Plaintiff was ordered to file the Motion to Amend over four months ago, and the issue was raised by Defendants three and a half months ago. Candidly, it is hard to contemplate a good faith reason for Plaintiffs delay in filing the Motion to Amend, especially in light of Plaintiffs repeated requests for extensions that have already delayed this case for over eight months.

Finally, Otoro is significantly prejudiced by the delay in filing the Motion to Amend. As set forth in Otoro's Motion to Compel Plaintiffs to Pay Use and Occupancy Costs During Litigation, Otoro has had to pay the real estate taxes, insurance, and other costs associated with ownership of the Property while this litigation has been pending. This has not just financially prejudiced Otoro; it has financially enriched Plaintiffs as they have been able to live at the Property free of charge during the two and half years this litigation has been pending, despite their claims that they are the rightful owners of the Property.

WHEREFORE, Otoro respectfully requests this Court (i) deny Plaintiffs' Motion to Amend Complaint and dismiss this action; and (ii) grant such other and further relief as this Court deems right and just.

Respectfully submitted,
DEFENDANT
OTORO, LLC
By its attorneys.

*s/ James G. Atchison*
James G. Atchison, Esq. (#7682)
DarrowEverett LLP
One Turks Head Place, 12th Floor
Providence, RI  02903
(401) 453-1200
jatchison@darroweverett.com

## CERTIFICATE OF SERVICE

  I hereby certify that on April 18, 2021, I filed the within document with the Court via the ECF document filing system and it is available for viewing and downloading from the ECF system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

            <u>/s/ *James G. Atchison*</u>