UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ANA FARIA, PHILIPE FARIA, MARTA FARIA, CATARINA TRAVASSO as successors in interest and heirs at law of Apolonia Morais, MARTA FARIA in her capacity as administratrix of the Estate of Apolonia Morais, | ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | C.A. No. 1:19-CV-00427-MSM-LDA |
| CITIZENS BANK, N.A., CITIZENS BANK, N.A. d/b/a CITIZENS ONE HOME LOANS, and OTORO, LLC, | ) ) ) ) ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The plaintiffs have filed this action alleging that the defendant Citizens Bank, N.A. d/b/a Citizens One Home Loans ("Citizens") breached the mortgage agreement it had with their decedent when it conducted a foreclosure sale. In addition, the plaintiffs allege that Citizens committed violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*

Before the Court is Citizens' Motion to Dismiss the plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 35.)

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Citizens' Motion to Dismiss.

1

## I.     BACKGROUND

Apolonia Morais, the plaintiffs' decedent, executed a mortgage with Citizens on April 13, 2004, for a residential property at 120 Lena Street, East Providence, Rhode Island ("the Property"). (ECF No. 20 ¶¶ 1, 7.) Ms. Morais died on June 10, 2014. *Id.* ¶ 1. The plaintiffs, Ana Faria, Philipe Faria, Marta Faria, and Catarina Travasso, are heirs at law of Ms. Morais and the fee owners of the Property. *Id.* ¶ 2.

Mortgage payments apparently went into arrears. On December 27, 2017, Citizens, through its attorneys, sent a Notice of Default to the Estate of Apolonia M. Morais at the Property's address. (ECF No. 20-4.)

On February 26, 2018, Citizens, through its attorneys, scheduled a foreclosure sale of the Property for April 24, 2018. (ECF No. 20 ¶¶ 13-14.) The Notice of Sale was mailed to all the plaintiffs at their individual home addresses. *Id.* ¶ 16. In addition, Citizens previously mailed all plaintiffs Notices of Mediation (pursuant to R.I.G.L. § 34-27-3.2) at their home addresses. *Id.* ¶ 17.

At the foreclosure sale on April 24, 2018, defendant Otoro, LLC was the purchaser of the Property, and a foreclosure deed was recorded on July 11, 2018. *Id.* ¶¶ 114, 121.

The plaintiffs filed suit against the defendants in this Court on August 13, 2019. Citizens then filed a Motion to Dismiss arguing that the plaintiffs, who were not parties to the mortgage, lacked standing. (ECF No. 11.) The Court denied that Motion without prejudice and allowed the plaintiffs to file a motion for leave to amend the Complaint addressing the standing issue. Marta Faria was then named

administratrix of the Estate of Apolonia Morais and the plaintiffs filed an Amended Complaint.

Through the Amended Complaint, the plaintiffs allege that Citizens breached the mortgage agreement and therefore that the foreclosure was void. Additionally, the plaintiffs have alleged that Citizens violated RESPA for its failure to properly respond to, or to correct errors raised in, a series of "Notices of Errors" sent by the plaintiffs to Citizens.

Additional facts specific to the separate causes of action are provided below as necessary.

## II.  MOTION TO DISMISS STANDARD

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question … in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)).

### III.   DISCUSSION

#### A. Contract Claims (Count I)

Citizens argues that the Amended Complaint provides insufficient facts to establish the plaintiffs have standing to bring claims for breach of contract against Citizens but that, in any event, the Amended Complaint fails to state a claim for relief for breach of contract. The Court agrees that the plaintiffs do not state a plausible claim for breach of contract.

First, the plaintiffs assert that Citizens' December 27, 2017, Notice of Default did not comply with Paragraph 16 of the mortgage, which is a condition precedent, requiring strict compliance, when a mortgagee seeks acceleration and foreclosure.[1] *See Woel v. Christiana Tr. as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17*, 228 A.3d 339, 345 (R.I. 2020); *Martins v. Fed. Hous. Fin. Agency*, 214 F. Supp. 3d 163, 169 (D.R.I. 2016).

Paragraph 16 of the mortgage provides as follows:

16. Acceleration; Remedies.  Upon Mortgagor's breach of any covenants or agreement of Mortgagor in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Mortgagor as provided in Paragraph 11 hereof specifying (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Mortgagor, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property.  The notice shall further inform Mortgagor of the right to reinstate after acceleration and the right to bring a Court action to assert the nonexistence of a default or any other defense of Mortgagor to

---

[1] The plaintiffs attached both the mortgage agreement and the Notice of Default to the Amended Complaint; thus, they are part of the pleadings and can be considered on this Motion to Dismiss. *See Trans-Spec Truck Serv. V. Caterpillar*, 524 F.3d 315, 321 (1st Cir. 2008).

> acceleration and sale.  If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law.  Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this Paragraph 16, including, but not limited to, reasonable attorneys' fees.
> (ECF No. 20-2.)

Citizens' December 27, 2017, Notice of Default included the following:

(1) "[T]he Note is in default for breach of the conditions contained in the Loan Documents, including the failure to make monthly payments due under the Note."

(2) "Under the terms of the Loan Documents you may cure the default by paying the amounts set forth below …."

(3) "on or before January 26, 2018"

(4) "If the default is not cured by the Cure Date, the balance of the Note may be deemed accelerated without further demand, and the Lender may proceed with foreclosure of the Mortgage."

(5) "Notwithstanding any acceleration, pursuant to the terms of the Mortgage, you have the right to reinstate your loan by paying to us all sums which would then be due under your Mortgage had no acceleration occurred plus our attorneys' fees and other reasonable costs of proceedings which have been incurred as of the date of such payment."

(6) "You have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale."
(ECF No. 20-4.)

This Notice strictly complied with the requirements of Paragraph 16.  Yet, the plaintiffs argue that the phrase "on or before January 26, 2018" fails to meet the contractual requirement of "a date … by which such breach must be cured."  But the Notice clearly provided such a date and further stated that "failure to cure such breach on or before the date specified in the notice may result in acceleration…."  This matter is therefore distinguishable from the principal cases upon which the plaintiffs

5

rely. That is, the notice in *Martins*, which was defective because it was sent *after* acceleration, did not include a date by which to cure, and did not state that the plaintiff had "a right to bring court action to assert the non-existence of default or any other defense." 214 F. Supp. 3d at 170. Similarly, the notice here is distinguishable from the notice in *Woel*, where the defendant did not inform the plaintiff of his right to reinstate the mortgage after acceleration, instead informing of the inequivalent right to cure. 228 A.3d at 347.

The plaintiffs also argue that, under *Woel*, the inclusion of itemized fees beyond the overdue principal and interest is in breach of the mortgage agreement. The *Woel* court, however, did not reach any such holding. The *Woel* court's explanation of all payments a borrower is required to make to *reinstate*, including payment of "expenses incurred in enforcing the security instrument, including, for example, reasonable attorneys' fees and property inspection and valuation fees" does not support the plaintiffs' assertion that only principal and interest due on the note are appropriate subjects of a Notice of Default. *Id.* at 346-47. Such an interpretation would deny the mortgagee's contractual right to collect funds advanced out of escrow (to pay taxes and insurance), late fees assessed on the account when the plaintiffs missed their monthly payments, and fees and expenses charged to the account and recoverable under the express terms of the mortgage contract. (ECF No. 20-2.)

The plaintiffs next argue that Citizens breached the contract for failure to send a notice of acceleration in addition to the Notice of Default. But Paragraph 16 requires no secondary notice of acceleration. In fact, it provides that "Lender prior to

6

acceleration shall give notice to Mortgagor" and sets forth the requirements that Citizens met in the Notice of Default. (ECF No. 20-4.) Then it provides that "[i]f the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable *without further demand* and Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law." *Id.* (emphasis added). The language—"without further demand"—makes clear that a subsequent notice of acceleration is not contractually required. *See Viera v. Bank of N.Y. Mellon as Trust. For Certificate Holders of Cwalt, Inc.*, C.A. No. 17-0523, 2018 WL 4964545, *2 (D.R.I. Oct. 12, 2018).[2]

Finally, as part of their contractual claim, the plaintiffs include a breach of the covenant of good faith and fair dealing. Because the Court finds that the plaintiffs cannot, as a matter of law, state a claim for breach of contract, this claim too must fail. *See McNulty v. Chip*, 116 A.3d 173, 185 (R.I. 2015) ("[A] claim for breach of the implied covenant of good faith and fair dealing does not create an independent cause of action separate and apart from a claim for breach of contract.").

## B. Request for a Declaratory Judgment (Count II)

The plaintiffs ask the Court to declare that the foreclosure was void because Citizens failed to strictly comply with the terms of the mortgage. Because the Court

---

[2] The plaintiffs argue that in *Woel v. Christiana Tr. as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17*, 228 A.3d 339 (R.I. 2020), the Rhode Island Supreme Court held that a secondary notice of acceleration is required after a notice of default. This Court can find no such expressed requirement upon review of that case.

finds that the Amended Complaint does not set forth a plausible claim that Citizens violated the mortgage terms, the plaintiffs' prayer for a declaratory judgment must fail as a matter of law.

### C. RESPA Claims (Counts III – VIII)

The plaintiffs assert several claims that Citizens violated 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) of Regulation X, the implementing regulations of RESPA. The plaintiffs had mailed to Citizens several Notices of Error, pursuant to 12 C.F.R. § 1024.35, after the foreclosure sale had taken place on April 24, 2018. (ECF Nos. 20-5, 20-6, 20-7, 20-8, 20-9, 20-10.) Citizens responded that the plaintiffs were not borrowers and had no standing to make such requests for information. (ECF No. 27-1.) It is the plaintiffs' contention that, because they are successors in interest, Citizens failed to properly respond to these Notices or to address the errors asserted therein.

"RESPA is a consumer protection statute that regulates the real estate settlement process." *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). A defendant may only be liable under RESPA to a "borrower." 12 U.S.C. § 2605(f). While that term is not defined in RESPA or its implementing regulations, courts generally define a "borrower" as one who signed the promissory note securing the mortgage. *Spaulding v. Citifinancial Serv., LLC*, 2018 WL 1698263, *3 (D. Mass. Apr. 6, 2018). However, under recent amendments to Regulation X promulgated by the Consumer Financial Protection Bureau, which became effective on April 19, 2018, the term "borrower" is defined to include a "confirmed successor in interest." *See* Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement

8

Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 FR 72160, 72370 (Oct. 19, 2016). Thus, confirmed successors in interest, having the status of borrowers, may assert a cause of action for RESPA violations. A "successor in interest" is defined as "a person to whom an ownership interest in a property securing a mortgage loan ... is transferred from a borrower, provided that the transfer is ... [a] transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety[.]" *Id.* A successor in interest becomes "confirmed" when "a servicer has confirmed the successor in interest's identity and ownership interest in a property to that secures a mortgage loan...." 12 C.F.R. § 1024.31.

Citizens argues that the plaintiffs have no standing to assert their RESPA claims because the Amended Complaint does not specifically label themselves as "confirmed" successors in interest. But the plaintiffs argue that they have alleged facts that Citizens treated them as such, having mailed the individual plaintiffs the required Notice of Mediation and Notice of Sale. The plaintiffs therefore set forth, if only at this early pleading stage, facts to plausibly allege that Citizens considered them confirmed successors in interest and thus borrowers entitled to bring claims under RESPA.

Citizens also argues that nothing in the regulations establishing confirmed successors in interest as borrowers, which became effective April 19, 2018, indicates that it can be applied retroactively. Thus, because some of the actions the plaintiffs complain of in the Notices of Errors occurred before that date, the claims must fail. But intertwined in the plaintiffs' RESPA claims is Citizens' alleged failure to properly

9

respond to the Notices of Error, all of which were sent after April 19, 2018. As such, the plaintiffs assert facts sufficient to state a plausible claim for RESPA violations and so Counts III through VIII will survive the Motion to Dismiss.

## IV.   CONCLUSION

For the foregoing reasons, Citizens' Motion to Dismiss (ECF No. 35) is GRANTED with respect to the plaintiffs' contract claims (Count I) and request for a declaratory judgment (Count II) and DENIED as to the plaintiffs' RESPA claims (Counts III – VIII).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
October 28, 2021