UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANA FARIA, PHILIPE FARIA, MARTA FARIA, and CATARINA TRAVASSOS, as successors in interest and heirs at law of APOLONIA MORAIS, and MARTA FARIA, in her capacity as Administratrix of the Estate of APOLONIA MORAIS,<br>    Plaintiffs,<br>vs.<br><br>CITIZENS BANK, N.A., CITIZENS BANK, N.A., d/b/a CITIZENS ONE HOME LOANS, and OTORO, LLC<br>    Defendants. | C.A. No.: 2019-427-MSM-LDA |

**DEFENDANT OTORO, LLC'S SECOND MOTION TO**
**ADJUDGE PLAINTIFFS IN CONTEMPT AND DISMISS ALL CLAIMS**

Defendant Otoro, LLC ("Otoro") respectfully requests this Court enter an order: (i) adjudging Plaintiffs Ana Faria, Philipe Faria, Marta Faria, Catarina Travassos, as successors in interest and heirs at law of Apolonia Morais, and Marta Faria in her capacity as Administratrix of the Estate of Apolonia (collectively, "Plaintiffs"), in contempt of this Court's January 27, 2022 Text Order directing Plaintiffs "to pay the outstanding [use and occupancy] fees within 30 days and to continue to make monthly payments consistent with this Courts August 20, 2021 text order" (the "Text Order"); and (ii) requiring Plaintiffs to pay Otoro's attorneys fees and expenses incurred in bringing this Motion. In support thereof, Otoro states as follows:

The United States Supreme Court has held that a court order must be obeyed, even if it is later found to be improper or unconstitutional, until it is vacated or amended pursuant to the proper judicial process. *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975); *In re Providence Journal Co.*, 820 F.2d 1342, 1346 (1st Cir.1986). It is well established that a court possesses the authority to hold a party in contempt for failure to comply with a court's order. *Shillitani v. United States*, 384 U.S. 364,

370 (1966); *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 77 (1st Cir.2002). To hold a party in civil contempt, the court must find: (1) the contemnor had notice of the court order; (2) the order was "clear, definite, and unambiguous"; (3) the contemnor had the ability to comply with the order; and (4) the contemnor violated the order. *United States v. Saccoccia*, 433 F.3d 19, 26 (1st Cir.2005).

The elements of contempt are easily provable here. There is no question Plaintiffs had notice of the Text Order – they are a party to this litigation. The Text Order was distributed to Plaintiffs' counsel through the Court's CM/ECF system. Nor can Plaintiffs argue that the Text Order is not "clear and unambiguous" – it clearly stated that Otoro's accounting of use and occupancy fees totaling $10,845.66 was accepted by the Court and directed Plaintiffs to pay the outstanding use and occupancy fees within thirty days of the Text Order and to continue to make monthly payments consistent with this Court's August 20, 2021 text order. Plaintiffs have had the ability to pay – the original Text Order granting Otoro's Use and Occupancy Motion was entered over six months ago, giving Plaintiffs ample opportunity to commence use and occupancy payments. Further, Plaintiffs presumably have the financial ability to make the use and occupancy payments. Plaintiffs have occupied 20 Lena Street, East Providence, RI (the "Property"), the subject property in this litigation, for over three years without the burden of paying the taxes, insurance, utilities, and other costs associated with ownership of the Property. Plaintiffs have not filed bankruptcy and there is no evidence they receive government assistance. Finally, upon information and belief, Defendant Citizens Bank, N.A. is currently holding approximately $120,000 in proceeds from the foreclosure sale of the Property, which funds some or all of the Plaintiffs are entitled to receive.

Plaintiffs continue to occupy the Property while ignoring the Text Order, without any of the burdens that come with ownership of the Property. Since the Text Order issued, Otoro has continued to pay all of the expenses of owning the Property and must continue to do so as long

as this litigation is pending.[1] As a result, dismissal of this litigation with prejudice is the only remedy that will prevent the continuing harm Otoro suffers from Plaintiffs' refusal to comply with the Text Order.

WHEREFORE, Otoro respectfully requests this Court enter an order: (i) holding Plaintiffs in contempt of the Text Order; (ii) dismissing this litigation with prejudice; (iii) requiring Plaintiffs to pay Otoro's attorneys fees and expenses incurred in bringing this motion; and (iv) granting such other and further relief as this Court deems right and just.

Respectfully submitted,

OTORO, LLC
By its attorneys.

/s/ *James G. Atchison*
James G. Atchison, Esq. (#7682)
DarrowEverett LLP
One Turks Head Place, 12th Floor
Providence, RI  02903
(401) 453-1200
jatchison@darroweverett.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, I have caused the within answer to be filed with the Court via the ECF document filing system and it is available for viewing and downloading from the ECF system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ James G. Atchison*

---

[1] The use and occupancy charges for February 2022 are $2,007.13.