UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANA FARIA ET AL

    VS                                      CA 19-CV-427

OTORO, LLC
CITIZENS BANK, N.A.

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO ADJUDGE IN CONTEMPT**

This matter is before the Court on the Motion of Defendant, Otoro, LLC and to Adjudge the Plaintiffs in contempt and to Dismiss the Litigation. The only Plaintiff who actually resides in the property is Marta Faria. Defendant has also demanded that the litigation be dismissed. This Court has already dismissed the only complaint which involved Otoro, LLC, which was Count II for a declaratory Judgment that the foreclosure was void. This Court has dismissed Counts I and II of the complaint resulting in this case no longer before the Court and thus not subject to the Court's Jurisdiction. That matter is under appeal in the First Circuit. If Plaintiffs prevail in that case, then the foreclosure arguably will be voided and the Order for Use and Occupancy will be moot since it will be the property owned by the heirs at law of the decedent mortgagor.

There is a Rhode Island 6th Division District Court Order which did not provide for use and occupancy. The Plaintiffs raise the Rooker Feldman

1

Doctrine, which states that a Federal Court lacks jurisdiction to set aside a State Court Judgment.    In *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F 3d 249, (1st Cir., 2019) the First Circuit explained this doctrine, its basis and the lack of jurisdiction to set aside State Court Judgments.  In *Tyler*, a rape victim, who became pregnant as a result of the rape unsuccessfully sought in Massachusetts Courts to deny her assailant and parental visitation rights to and terminate his parental rights. She was denied this relief and the Supreme Judicial Court upheld the decision of the Trial Court. Instead of filing a Petition for Certiorai to the United States, she filed a complaint in the United States  District Court for the District of Massachusetts, claiming constitutional violations by the actions of the Massachusetts Supreme Judicial Court.  The District Court dismissed on jurisdictional grounds. The  First Circuit affirmed based on the *Rooker Feldman* doctrine stating:

Under the Rooker-Feldman doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006). The idea is that — absent exceptions not present here — the only federal court with statutory jurisdiction to review a state court's decision is the Supreme Court, and "an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly." Rooker, 263 U.S. at 416, 44 S.Ct. 149. The Rooker-Feldman doctrine bars jurisdiction "only in the `limited circumstances' where `the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Federación de Maestros de P.R. v. Junta de

Case 1:19-cv-00427-MSM-LDA   Document 52-1   Filed 04/04/22   Page 3 of 7 PageID #: 802

Relaciones del Trabajo de P.R., 410 F.3d 17, 23-24 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).
*Tyler* at p. 50.

Thus the Court restated an established principle that only the Supreme Court as part of its appellate jurisdiction can set aside State Court Orders.

The *Rooker Reldman Doctrine* has been applied by Judges of this Court. In *Gonzalez v Aucoin*, CA No. 19-402-JJM-LDA (D.RI..July 20, 2020, Judge McConnell, rejected a Plaintiff's complaint to set aside a the affirmation by the Rhode Island Supreme Court of a Family Court Judgment terminating the Plaintiff's parental rights:

The *Rooker-Feldman* doctrine states that "a federal district court should not review issues already determined by a state court." Pascoag Reservoir & Dam, LLC v. Rhode Island, 217 F. Supp. 2d 206, 214 (D.R.I. 2002); *see* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Wilson v. Shumway, 264 F.3d 120, 123-26 (1st Cir. 2001). If this Court were to decide that Mr. Gonzalez's rights were violated, it would require the Court finding that the Rhode Island Supreme Court decision was wrong, and the case law is clear that the *Rooker-Feldman* doctrine deprives this Court of the subject-matter jurisdiction to do so.

The Court GRANTS Defendants' Motion to Dismiss. ECF No. 19.

Recently Judge Smith applied the *Rooker Feldman* doctrine in the case of *Efreom v. McKee,* CA.No. 20-cv-122 WES. by dismissing partially on *Rooker Feldman* Jurisdictional grounds a complaint of a Rhode Island pensioner who sought relief from the Rhode Island Supreme Court, which

3

had affirmed a Superior Court Judgment relating to his pension rights.   The Court held:

The Rooker-Feldman doctrine bars federal district courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283-84 (2005) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983)). Such cases fall beyond a district court's subject-matter jurisdiction because, under 28 U.S.C. § 1257, the Supreme Court is the only federal court with the power to reverse or modify state court judgments.[15] Exxon Mobil, 544 U.S. at 292. The doctrine does not apply "unless, inter alia, the federal plaintiff seeks redress of an injury caused by an allegedly erroneous state court decision; if the plaintiff alleges a constitutional violation by an adverse party independent of the injury caused by the state court judgment, the doctrine does not bar jurisdiction."

The Defendant is not satisfied with the Order issued by Magistrate O'Neil and thus contrary to *Rooker Feldman* seeks to do an end run around the preclusive effect of that Order. However under *Rooker Feldman*, this Court lacks jurisdiction to set aside or modify a State Court Order.

Defendant cites Judge McConnell's use and occupancy Order in the Mortgage Foreclosure Cases, Misc. No. 11-mc-88-M-LDA.   However this Order staying foreclosures was issued by this Court and was appealed to the First Circuit by the banks adversely impacted by the Stay. The Court had granted the Stay by this Court and imposed an obligation to pay use and occupancy based on the amount of the mortgage.  After the First Circuit

4

reversed the Order granting the Stay by this Court, Judge McConnell removed the obligation to pay for use and occupancy due to the fact this the Stay which this Court had entered was no longer in effect. If this Court had issued a stay then there would be a basis for an order for use and occupancy based on the cost of taxes and insurance. However this stay was set by State Court Order, which this Court lacks jurisdiction to modify.

This Court's Order was entered prior to the Court's Opinion granting the Motion to Dismiss so that the Defendant could be recompensed for certain expenses incurred by it in regard to the property. However once the Motion to Dismiss was granted, the litigation against Otoro, LLC ended in this Court. Otoro, LLC has no standing to move to dismiss the remaining RESPA claim or to deny the Plaintiff's right of appeal. The issue of use and occupancy then becomes the province of the Rhode Island Court System pursuant to R.I.G.L 34-28-1 et seq and the pending eviction case. Thus it is respectfully suggested that once the litigation was dismissed, this Court lacked jurisdiction over this issue.

The only party residing in the premises is Marta Faria, a single mother with her 19 year old son and a 12 year old daughter and her 73 year old father. Neither she nor her siblings have sufficient income to pay the use and occupancy. The parties have engaged in settlement discussions in this

matter and wish to resolve this matter. The Plaintiffs are willing to resolve this matter as proposed by the Defendant but Marta Faria cannot find a new apartment to live in.

As an alternative resolution, the Plaintiffs however are requesting that this Court enter an Order without prejudice ordering Citizens Bank to pay the Defendant from the amount of the funds it is holding from the foreclosure sale for the past due the use and occupancy and each ongoing month to the Defendant, Otoro, LLC so long as the house is occupied by any of the Plaintiffs or their father, without prejudice to recoupment if the Plaintiffs prevail on appeal. Marta Faria and her children and father are seeking to move as a soon as they find suitable alternative housing in the area, where Marta Faria's daughter goes to school.

The Plaintiffs are not in willful contempt. For these reasons the Motion to Adjudge in Contempt should be denied.

                                                     **ANA FARIA et al**
April 4, 2022                                  By their Attorney

                                                     /s/ John B. Ennis
                                                     JOHN B. ENNIS, ESQ. #2135
                                                      1200 Reservoir Avenue
                                                      Cranston, Rhode Island 02920
                                                      (401) 943-9230
                                                      Jbelaw75@gmail.com

CERTIFICATION OF SERVICE

I certify that a copy of this Memorandum was served by efiling on April 4, 2022.

/s/ John B. Ennis